### BENNER *v.* BENNER.

Suit to enforce the specific performance of a contract for the sale of real estate. The action was founded upon a title-bond, whereby the obligor agreed to convey the land, on the payment of a certain sum of purchase-money, with interest. The land was held in trust for the obligee, and the bond sued on was made in consideration of that trust. The obligee having died, his widow and sole heir tendered the purchase-money and demanded a conveyance, which being refused, she brought this suit. The Court found for the plaintiff, and adjudged that the defendant convey the premises, &c. The next day after the judgment, the defendant moved the Court to vacate the judgment and grant a new trial, under § 601, 2 R. S. p. 167. The motion was overruled. *Held*, that this was not error; that the case is not within any of the provisions of §§ 592, 601, 611, 612, 2 R. S. art. 29, p. 167.

*Saturday,
May 29.*

APPEAL from the *Posey* Circuit Court.

WORDEN, J.—Complaint by the appellee against *John L. Benner*, the appellant, to enforce the specific performance of a contract for the sale of land.

The complaint alleges that the appellant, in *October*, 1847, executed to his brother, *John F. Benner*, his agreement or title-bond, whereby he agreed to convey to said *John F. Benner* a certain piece of land therein described, upon the payment of 147 dollars, 85 cents, with the interest thereon. It is further averred in the complaint, that "said tract of land, the same described in said bond, the said *John L. Benner* held in trust for the said *John F. Benner*, his heirs and assigns, and for his and their use and benefit, and in consideration of said trust, executed the bond aforesaid." It is further averred that *John F. Benner* died, *September* 1, 1853, leaving no children; and that said *Clara*, his widow, is his sole heir, his estate being worth less than 800 dollars; that said *Clara*, on the 21st of *July*,

1855, tendered to said *John L.* the said purchase-money and interest, and a blank deed for said land, and demanded the execution thereof, which was refused. Prayer that said *John L.* might be compelled to convey the land to her; for damages, and other relief.

To this complaint, the defendant below filed an answer, consisting of seven paragraphs, to the second, fifth and seventh of which, a demurrer was sustained. The others led to issues of fact.

The cause was tried by the Court upon the issues of fact, and there was a finding for the plaintiff below, and judgment. The Court found that the plaintiff below, as widow and sole heir of said *John F. Benner*, was entitled to a good and sufficient deed in fee simple for the premises described, upon the payment to said *John L.* of the sum of 216 dollars, 60 cents, which was then and there paid into Court, for the use of said *John L.*, and the Court thereupon proceeded to order and adjudge that said *John L.* convey the premises, &c.

A motion for a new trial was made and overruled; but the evidence is not before us, and of course we cannot examine as to the correctness of that ruling. The decision of the Court upon the demurrer to the second, fifth and seventh paragraphs of the answer, was not excepted to, and, therefore, no question is before us as to the correctness of that decision.

On the next day after judgment, the defendant below moved the Court to vacate the judgment and grant a new trial, under the provisions of section 601, 2 R. S. p. 167, and offered to pay into Court all costs made in the cause, and to comply with all orders that might be made by the Court pursuant to the statute under which the motion was made.

This motion was overruled by the Court, to which ruling the defendant excepted.

This decision of the Court is assigned for error, and presents the only question before us.

The statutory provisions relied upon, are found in article 29, 2 R. S. p. 166. They are as follows:

May Term,
1858.

BENNER
v.
BENNER.

"SEC. 592.—Any person having a valid, subsisting interest in real property, and a right to the possession thereof, may recover the same by action, to be brought against the tenant in possession; if there be no such tenant, then against the person claiming the title or some interest therein."

"SEC. 601.—The Court rendering the judgment, at any time within one year thereafter, upon the application of the party against whom the judgment is rendered, his heirs, or assigns, or representatives, and upon the payment of all costs, and of the damages, if the Court so direct, shall vacate the judgment and grant a new trial. The Court shall grant but one new trial unless for good cause shown."

"SEC. 611.—An action may be brought by any person, either in or out of possession, or by one having an interest in remainder or reversion, against another who claims title to, or interst in, real property adverse to him, although the defendant may not be in possession thereof, for the purpose of determining the question of title."

"SEC. 612.—The rules above prescribed shall, in such cases, be observed as far as they are applicable."

The cases provided for by § 592, are for the recovery of the possession, where the party has a subsisting interest in real estate, and a right to the possession thereof.

The 611th section provides for an action by any one having an interest in real property, against another claiming any interest adverse to him, for the purpose of determining and quieting the question of title.

In order to test the correctness of the decision of the Court below, it is necessary to determine, as nearly as may be, the precise character of this action, and thereby ascertain whether it comes within either § 592, or § 611, for if not, § 601 is not applicable to it.

It is claimed that this is a suit by the plaintiff below, as a *cestui que trust*, against the defendant as *trustee*, to determine and quiet the question of title to the property held in trust, and therefore, that it is within the above provisions, and to be governed by § 611, above quoted.

But we do not think the case falls within either of the

provisions above quoted. The substratum of the case is the title-bond set forth in the complaint, and without it, no cause of action whatever, is found in the complaint. It is true, the complaint alleges that said *John L. Benner* held the land in trust and for the use of said *John F. Benner* and his heirs, and that in consideration thereof, he executed the bond; but this fact is only referred to in the complaint, for the purpose of showing the consideration of the bond.

The complaint does not set up any demand, or claim any right whatever, growing out of the trust, either as to the land, or the possession thereof, or the title thereto, or for the performance of the trust, or otherwise. It sets up the bond or agreement executed in consideration of the trust, and prays a specific performance of the agreement, which is adjudged by the Court, on payment of the money mentioned in the bond, and the interest; and we think it is a case simply for the specific performance of a contract. It is evident that the statute above quoted does not embrace cases of specific performance merely, and it follows that the Court below committed no error in overruling the motion.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. G. Jones* and *J. E. Blythe*, for the appellant.

*A. P. Hovey* and *G. S. Green*, for the appellee.