Bender *v.* Sherwood.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. M. Johnson*, for the appellant.

*W. Morrow*, for the appellees.

---

## BENDER *v.* SHERWOOD.

NEW TRIAL UNDER ART. XXIX.—Where *A* made a mortgage to secure a loan of money from the Trust Funds, and, after several transfers of the mortgaged property, the auditor, to collect the mortgage debt, advertised and sold the property in the name of the mortgagor, and *B* became the purchaser on a credit of a few days, and, before the purchaser money was paid, the owner of the fee at the time of the sale offered to pay the debt and interest, which was refused by the auditor, and the owner then sued to enjoin the execution of a deed to *B* and to set aside the sale, and had judgment upon the trial, and *B* then demanded a new trial as of right, under

Bender *v.* Sherwood.

article xxix of the Code, (2 G. & H. 281) which was refused by the Court.

*Held*, that the new trial should have been granted.

APPEAL from the *Fountain* Circuit Court.

HANNA, J.—This was an application by the appellee to en join the appellant, as purchaser, from taking possession of a certain described lot of land, as well as to prevent one *Webb* from executing a deed therefor. Injunction granted. There was an application for a new trial as a matter of right, over-ruled.

It is averred that the lot was mortgaged to certain of the trust funds, and irregularly sold by *Webb*, the auditor of the county, specifically setting out the facts; that it was purchased at said sale by appellant, &c.

The question we are asked to decide is, whether the appellant was entitled to the new trial under section 601, p. 167, 2 R. S. 1852.

It appears to us that if the purchaser at said sale acquired a valid title, the injunction should have been refused, and, therefore, the conflicting claims to the said property were to such a degree involved in the suit and determination as to bring the case within the statute referred to.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*Tipton & Davidson*, for the appellant.
*Brown & Park*, for the appellee.