SCHRODT and Others *v.* BRADLEY and Others.

NEW TRIAL AS OF RIGHT.—In an action to recover the possession of real estate, judgment having gone against the plaintiff, he moved, at the same

term, for a new trial as of right, under the statute. The motion was granted upon condition that the costs be paid within sixty days, which was not done. Afterwards, and within a year after the judgment, the plaintiff having died, his heirs at law paid the costs and moved for a new trial, which was denied.

*Held*, that the right to a new trial in such cases, within one year, upon the payment of costs, is absolute, and that the failure to comply with the unauthorized condition imposed by the court, in granting the first motion, did not affect that right.

APPEAL from the *Floyd* Circuit Court.

FRAZER, J.—This was a motion for a new trial by the heirs at law of a deceased plaintiff in ejectment, made within one year from the rendition of the first judgment in the cause. The costs were paid, we may fairly assume from the record, just before the motion was made. The motion was refused. It appeared that a similar motion had been made by the original plaintiff at the term at which the judgment was rendered, which was granted upon condition that the costs be paid within sixty days, which was not done. Was the court below correct, under the circumstances, in refusing the motion last made?

By the code, (§ 601) it is enacted that in such cases, at any time within one year after rendering the judgment, upon the application of the defeated party, and, if it be the plaintiff, upon the payment of all costs, the court "shall vacate the judgment and grant a new trial." It is not easy to conceive of language more imperative. If the costs be paid, the court has no discretion, and the motion is of course. It is of right that the party takes the new trial.

But it is contended that by taking the first motion, with a condition that the costs be paid within sixty days, the plaintiff waived or lost the right which the statute conferred. Of course the argument is not made in these terms; but it must, when analyzed, be this, or else it is nothing to the purpose. If not a waiver of the statutory right, then that right remained, and should have been allowed by the court. If the condition—payment of costs within sixty

days—had been one which the court had the right to im-
pose, then the failure to perform it, as in *Moberly* v. *Davar*,
5 Blackf. 409, would have worked a forfeiture of the right.
But in this case, the statute gave one year for the payment
of costs, and the court could not bind the party by an order
that it be done within a shorter period. And if it be
argued that taking the motion upon the terms ordered was
nevertheless an assent to the terms, which should be held
to have the force of a contract, the conclusive answer is
that there was no consideration to support it, and it was
not therefore any obstacle to an application made subse-
quently under the statute. Nor was there anything in it to
operate by way of estoppel *in pais*. It had no essential ele-
ment of that. It implied nothing by which the opposite
party could be supposed to have been induced to act to his
injury.

An argument for the appellees is based upon the latter
clause of the section of the code already alluded to, which
provides that "the .court' shall grant but one (new) trial,
unless for good cause shown." This argument assumes
that one new trial had been granted, a proposition which
cannot be maintained. A grant of a new trial, which is to
be operative upon the performance of a condition subse-
quent, is nothing, if the condition be not performed.

The judgment is reversed, with costs, and the cause re-
manded for a new trial.

*J. Collins* and *S. A. Day*, for appellants.

*G. V. Howk* and *R. W. Weir*, for appellees.