## Skeen and Wife *v.* Muir and Others.

New Trial.—*As of Right.*—Where a new trial is granted as of right under section 601 of the code, at a term after that at which the judgment was rendered, the party against whom the new trial is granted cannot be required to go to trial at the term at which the new trial is granted.

Same.—*Notice.*—*Statute Construed.*—The notice contemplated by section 602 of the code is to be given *after* the application for a new trial has been granted.

Same.—*When to be Granted.*—In a suit by the purchaser of real estate in possession under the contract of purchase, to compel the vendor to make a deed therefor to the plaintiff and accept from him a mortgage for unpaid purchase-money, and to set aside as void a deed made by the Auditor of State for said land sold at a sinking fund sale, for having been procured by fraud, and enjoin the execution of a writ of possession issued by said Auditor, judgment was rendered against the defendants.

Skeen and Wife *v.* Muir and Others.

*Held*, that the defendants were entitled to a new trial as of right under section 601 of the code.

VENDOR AND PURCHASER.—*Pleading.*—*Possession.*—*Parties.*—In said action the complaint showed that said vendor had given a title bond for said real estate to the plaintiff, and that at the same time it was agreed between the parties that the plaintiff should take possession of the land until the time specified in the bond for the conveyance thereof; that the plaintiff had taken and still retained possession of the land under and by virtue of said agreement; that said vendor had received as part payment a certain sum; and that by fraud he had caused the land to be sold from under the plaintiff, and himself held the equitable title under said sale, though another held the legal title, which was purchased with the money of said vendor and was held in trust for him.

*Held*, that said vendor was a proper party-defendant.

*Held*, also, that the averment of the complaint in reference to the placing of the plaintiff in possession of the land was not an attempt to vary or add to the title bond by parol, nor was it irrelevant matter or surplusage.

DEMURRER.—*By Several Parties.*—A joint demurrer by two or more defendants to a complaint should be overruled as to all of them if the complaint be good as to any of them.

APPEAL from the Ripley Circuit Court.

PETTIT, C. J.—This suit was brought to set aside and declare void a deed made by the Auditor of State for lands purchased at a sinking fund sale, as having been procured by fraud, and enjoin the execution of a writ of possession issued by said auditor, the plaintiff being in possession by virtue of a contract of purchase, and to compel the vendor to make a deed and accept a mortgage for unpaid purchase-money. Defendants were defaulted; trial by the court, and judgment for the plaintiffs. Defendants in vacation gave notice to plaintiffs that they would pay the costs, take a new trial under section 601 of the code, and that the cause would stand for trial at the next term. Costs were paid and a new trial granted over the objection and exception of plaintiffs. The granting a new trial as of right under section 601 is assigned for error.

We think this was not error, and are sustained in our view by *Bender* v. *Sherwood*, 21 Ind. 167; *Moor* v. *Seaton*, 31 Ind. 11. There are other cases in point, but it is unnecessary to cite them.

The court held that the cause stood for trial at the same

term at which the new trial was granted, over the objection of plaintiffs; and this is assigned for error.

Section 602 of the code provides, that "if the application for a new trial is made after the close of the term at which the judgment is rendered, the party *obtaining* the new trial shall give the opposite party ten days notice thereof before the term at which the action stands for trial." The notice given before the new trial was granted was not required by law, was a nullity, and gave the party giving it no rights; nor did it impose any duty or obligation on the adverse party. The statute clearly contemplates that notice shall be given *after* the new trial is obtained. The party against whom the new trial is granted is not obliged to prepare for trial until the order is entered and he has ten days notice before the next term. Nor can the party obtaining the new trial be compelled to go to trial at the term at which the new trial is granted. In the case of *Murray* v. *Kelly*, 27 Ind. 42, the court say, "A new trial under this provision is a matter of right, and no notice to the adverse party is required." For this error the case must be reversed.

A motion was made at the proper time to strike out the amendment to the complaint and parts of the original complaint, and the court struck out from the original the following:

"And the plaintiffs say that in consideration of the premises, at the date of the said title bond, it was stipulated and agreed between the parties that said Mary Skeen should take possession of said real estate and occupy and enjoy the same until the time specified in said bond for the conveyance of said real estate by said John W. Muir to the said Mary Skeen. And plaintiffs aver that said Mary Skeen took possession of said real estate under and by virtue of said agreement, and still holds the possession of the said land."

This was excepted to and is assigned for error. We think the court erred in striking out these words. It was not an attempt to vary, alter, or inject anything into the title bond by parol. It only, and we think very properly, shows that

Skeen and Wife *v.* Muir and Others.

the plaintiffs were in lawful possession of the land by the consent of the vendor, John W. Muir; nor was it irrelevant or surplusage; nor was the second paragraph of, or amend-mendment to, the complaint irrelevant to the subject matter of the suit as stated in the original complaint; and though it may be defective in some respects, it ought not to have been stricken out. The motion to strike out does not per-form the office of a demurrer. *Port* v. *Williams*, 6 Ind. 219.

The defendant John W. Muir demurred separately to the complaint because it did not state facts sufficient, and because he was improperly joined as a defendant, which was sustained by the court and excepted to. This was error. The com-plaint shows that Muir had given a title bond to the plain-tiffs and put them in possession of the land; that they still retained the same; that he had received as part pay-ment therefor six hundred and twenty-five dollars; that by fraud he had caused it to be sold from under them; that he now holds the equitable title under said sale, though another holds the legal title, which was purchased with the money of Muir; and that it is held in trust for him. All of the de-fendants joined in a demurrer to the complaint because it did not state facts sufficient, and because John W. Muir was improperly made a party, and because Elma Muir was im-properly joined as a party-defendant. The court sustained this demurrer. This was error. It should have been over-ruled. A joint demurrer by two or more parties to a com-plaint which is good as to some of them, is bad as to all, and should be overruled, because a pleading bad as to part is bad as to all the parties to it. Bicknell Civil Pr. 99; *Es-tep* v. *Burke*, 19 Ind. 87; *Pace* v. *Oppenheim*, 12 Ind. 533. It follows that the court erred in dissolving the injunction and rendering judgment against the plaintiffs.

The appellees assigned cross errors, that the court erred in refusing to dissolve the temporary injunction, and render-ing judgment for the plaintiffs on the default of the defend-ants and trial by the court. These are not well taken, and are sufficiently answered in the foregoing opinion.

: The judgment is reversed, at the costs of appellees; and the cause is remanded for further proceedings in accordance with this opinion.

*E. P. Ferris, H. T. Lipperd, H. W. Harrington,* and *M. K. Rosebrough,* for appellants.

*J. Gavin* and *J. D. Miller,* for appellees.