## HARVEY *v.* WILSON.

PRACTICE.—*Default.*—*Motion to Set Aside Default.*—A judgment rendered upon default should be set aside on motion made at the same term, where it is shown by affidavits, that the defendant resided thirty-five to forty miles from the place of trial and six miles from any railroad or telegraph station,

and was confined to his bed by severe sickness at the time of the default, and had been so confined for four weeks previous thereto, and, by reason of such sickness, was unable to attend court, and until the day before such default had not heard of the illness of his attorney, employed by him in the case, who was the second day before the date of such default suddenly taken dangerously sick, and so remained; a good defence being shown.

PLEADING.—*Complaint.—Promissory Note.*—The complaint in an action by an assignee against the maker of a promissory note is insufficient, where neither the note sued on nor a copy thereof is filed, and an assignment of the note is not shown, and the assignor is not made a party to answer as to his interest.

From the Howard Circuit Court.

*J. O'Brien* and *W. O'Brien,* for appellant.

*D. Moss,* for appellee.

BUSKIRK, J.—This was an action by the appellee, as indorsee of a promissory note, against the appellant, as maker thereof. It was commenced in the Hamilton Circuit Court, and on the application of appellant the venue was changed to the Howard Circuit Court.

After the issues were formed, there was a trial by a jury and a verdict for defendant, which was set aside on the motion of the plaintiff, and a new trial granted.

At a subsequent term of the court, the following proceedings were had: On the 13th day of December, 1870, an application was made for a continuance of the cause, supported by the affidavit of James O'Brien, on account of the sickness of the defendant and William O'Brien, who was the only attorney of the defendant. The motion was overruled. On the next day, the defendant not being in court in person or by attorney, he was on motion of the plaintiff called and judgment taken by default. On the 15th of December, a motion was made, supported by affidavits, to set aside the default. On the day following, additional affidavits were filed. The affidavits filed in support of the motion for a continuance were submitted to the court in support of the motion to set aside the default. Counter affidavits were filed on behalf of the plaintiff. The motion was overruled, and the defendant excepted.

The appellant has assigned for error the overruling of the motion to set aside the default, and that the complaint does not state facts sufficient to constitute a cause of action.

The motion to set aside the default, and the affidavits filed and read in support thereof, are made a part of the record by a bill of exceptions. The following facts are shown by the affidavits of the appellant, Dr. J. L. Benson, and Dr. J. B. Pettyjohn: That the appellant resided in Hamilton county, some thirty-five or forty miles from Kokomo, the county seat of Howard county; that the appellant had been prostrated by severe sickness for nearly four weeks; that he was, at the time the judgment by default was taken, confined to his bed by such sickness; that by reason of such sickness, he was physically unable to attend court, and if present in court was incapable of directing the management of his cause or testifying as a witness in his own behalf; that William O'Brien was his only attorney, and that he was dangerously sick; that the appellant, by reason of his sickness, had not heard of the sickness of his said attorney until the evening of the 13th of December, 1870, and that by reason of his sickness, and being six miles from the railroad and telegraph office, he was unable to procure other counsel.

It was shown by the affidavit of Dr. William B. Graham, that on the 12th day of December, 1870, William O'Brien was suffering from an attack of hemorrhage of the lungs, which prevented him from performing any labor; that in his then condition of health, it would be very unsafe, imprudent, and at his peril to undertake to perform any mental or manual labor whatever.

It was shown by the affidavit of James O'Brien, that he had never been employed or consulted by the appellant as an attorney; that he made the motion for a continuance as an act of professional courtesy and kindness to his brother, who was dangerously sick; that as soon as such motion was overruled, he had gone to Noblesville to see his brother, and from thence had gone to Westfield to see the appellant, and had obtained his affidavit and those of Drs. Benson and

Pettyjohn, and had returned to Kokomo the same day, but after the default had been taken, which accounted for his absence from court when the default was taken; and that if he had been in court, he could not have proceeded with the trial, in consequence of the absence of the appellant and his want of knowledge of the nature and character of the defence.

The supplemental affidavit of the appellant showed that he had a valid and meritorious defence, if established on the trial.

We think the facts shown required of the court below to set aside the default. We cannot imagine a stronger case for the exercise of the discretion vested in the court below. The appellant was, and had been for weeks, prostrated by sickness. His only attorney is suddenly attacked with hemorrhage of the lungs, which not only completely incapacitated him from attending to the case, but endangered his life. A judgment taken under these circumstances ought not to be permitted to stand. Judgments should not be lightly set aside, when there has been negligence on the part of the party or his attorney; but when it is shown, as it is in this case, that both the party and his attorney are stricken down with severe and dangerous sickness, it would be a denial and mockery of justice to refuse to relieve the party who had been guilty of no negligence.

The objections urged to complaint are:

1. That neither the note sued on nor a copy was filed with the complaint.

2. That no assignment of the note was shown, nor was the assignor made a party to answer to his interest therein.

These objections are fatal to the sufficiency of the complaint.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.