## FISK *v.* BAKER.

DEFAULT.—*New Trial.—Real Property, Action to Recover.*—A new trial cannot be granted the defendant in an action to recover real property, as a matter of right, when judgment has been rendered against him by default. Section 601 of the code was intended to provide a new remedy in actions relating to real property, only where there has been a judgment rendered on a trial of the merits of the cause.

SAME.—A default is a confession of the complaint, and judgment is rendered without a trial of any issue of law, or of fact; it is a contradiction of terms,. therefore, to speak of a new trial in a cause where there has been no trial.

SAME.—*Status of Defendant After.*—A defaulted defendant has no standing in court, except for two purposes: one is to have the default set aside, and the other is to appear and contest the amount of damages.

SAME.—Setting aside a judgment, without also setting aside a default on which. it was rendered, does not relieve a defendant from the consequences of such default, but it remains in force; and unless relieved against within two years, in the cases provided for in section 99 of the code, as amended in 3 Ind. Stat. p. 373, it is not in the power of the court to afterward grant such relief.

From the Ohio Circuit Court.

*S. R. Downey* and *D. T. Downey,* for appellant.

*J. D. Haynes* and *J. K. Thompson,* for appellee.

BUSKIRK, J.—The appellant brought this action in the form prescribed by statute, for the recovery of the real estate described in the complaint, and damages for its detention. The appellee, Baker, who was defendant below, made default, the complaint was taken as confessed, the damages were assessed by the court, and judgment followed upon the the confession and finding. Appellant, as execution plaintiff, soon afterward procured a writ of possession, and an

Fisk *v.* Baker.

execution for the amount of the judgment to issue. By virtue of this writ, the appellant was placed in possession of the premises. Personal property was levied upon by virtue of the execution, but the levy was subsequently discharged upon an agreement between appellant and two persons, strangers to this record. Subsequently, the appellee, in vacation, filed with the clerk a motion for a new trial as of right, under section 601 of the code, and gave notice thereof to the appellant. At the next term of the court, a new trial was granted.

Nothing further was done during one year after the rendition of the judgment. At the next term of the court after the granting of the new trial, the appellant appeared and moved to set aside the order granting the new trial, but the motion was overruled.

The appellee, over the objection and exception of the appellant, was permitted to file an answer in the nature of a cross complaint, in which it was alleged, that he was the owner in fee of the premises; and that the deed under which the appellant claimed title was a mortgage. There was a prayer that such deed should be decreed to be a mortgage, and he entitled to redeem upon the payment of the amount which should be found to be due. To this answer a demurrer was overruled, and an exception taken. The appellant replied by way of denial, and in confession and avoidance. A trial by jury resulted in a general verdict for the appellee, and a special finding showing the appellee to be indebted to appellant in the sum of one thousand four hundred and ninety dollars, and that the sheriff's deed to appellant was a mortgage to secure such sum.

Motions for a new trial, for a *venire de novo*, and in arrest of judgment, were successively made and overruled, and a judgment and decree of foreclosure were rendered, over the objection and exception of appellant, to reverse which this appeal is prosecuted.

The errors assigned call in question the action of the court in granting a new trial, in overruling the motion to

vacate and set aside the order granting a new trial, in over-ruling the demurrer to the answer, in striking out several paragraphs of the reply, and in overruling the motion for a new trial.

The first question presented for our decision is, whether the appellee was entitled to a new trial, as of right and with-out any cause shown. As we have seen, the appellee, although personally served with process, failed to make any defence, but permitted judgment to be rendered by default.

Anterior to the revision of 1852, a new trial could not be granted in any case without cause shown to the court; but in the code there is a statutory rule of practice relative alone to actions for the recovery of real estate, which says: "The court rendering the judgment, at any time within one year thereafter, upon the application of the party against whom judgment is rendered, his heirs or assigns or represen-tatives, and upon the payment of all costs, and of the dam-ages, if the court so direct, shall vacate the judgment and grant a new trial. The court shall grant but one trial, unless for good cause shown." Sec. 601, 2 G. & H. 283.

The above quoted section is in article 29, which relates to actions "to recover the possession of real property, and to determine conflicting claims thereto." The article embraces sections 592 to 614 inclusive. Section 592 provides for the action to recover the possession of real property. Section 595 provides what shall be stated in the complaint. Section 596 provides, that " the answer of the defendant shall contain a denial of each material statement or allegation in the com-plaint; under which denial the defendant shall be permitted to give in evidence every defence to the action that he may have, either legal or equitable." There are other sections relating to the trial of the action.

The question presented is, whether section 601 was intended to be applied to a case like the present, where judgment was rendered by default. The section provides for a new trial as of right, and without cause shown. The solution of the question depends upon the true meaning of

the phrase "a new trial." What is meant by a trial? Section 319 of the code, 2 G. & H. 196, provides: "The trial is a judicial examination of the issues, whether of law or of fact, in an action." Section 320 is: "Issues of law must be tried by the court. Issues of fact must be tried by a jury, unless a jury trial is waived."

Issues are of two kinds: first, of law; second, of fact. An issue of law arises upon a demurrer to the complaint, answer, or reply, or to some part thereof. An issue of fact arises, first, upon a material allegation in the complaint, denied by the answer; second, upon a set-off or counter-claim, presented in the answer and denied by the reply; third, upon material new matter in the reply, which shall be considered as controverted by the opposite party, without further pleading. See secs. 316, 317, 318.

Had there been a judicial examination of issues of law or fact, at the time the new trial was granted? We think clearly not. There was no demurrer to the complaint, and consequently no issue of law in reference thereto. There was no answer to the complaint, and consequently no issue of fact. The failure of the appellee to demur or answer the complaint was a confession that the complaint was true as to the facts stated, and sufficient in law to entitle the appellant to the relief demanded. The right of the appellant to the immediate possession of the land described was admitted, and as to that there was nothing to try. The failure to answer did not admit the amount of the damages claimed, and the appellant was therefore required to prove such damages. Sec. 74 of the code, 2 G. & H. 100, and the cases cited in note 1 on page 101.

In our opinion, section 601 was intended to provide a new remedy in actions relating to real property, only where there has been a judgment rendered on a trial of the merits of the cause, and has no application to a case like the present, where judgment was rendered on default, and without an issue of law or fact. It would be a contradiction of terms and a confusion of ideas, to hold that there could be a new

trial where there had been no trial.   The term " new " implies that there has been a trial, and the object of the legislature was to provide for another trial.   New trials, under the code, are of two kinds :   First.  For cause shown to the court, as provided by section 352, 2 G. & H. 211.   The second is, without cause shown, as provided by section 601, *supra*. Where the application is for cause, the motion must be made during the term at which the verdict or decision is rendered. Sec. 354, except as provided by sec. 356.

We presume that no person would contend that a motion for a new trial, for cause, would be entertained where judgment had been rendered by default. If not in that case, why in a case like this ?   A party who suffers a default is not without a remedy.   The remedy is given by section 99 of the code as amended.   See 3 Ind. Stat. 373.   By that section, a party may be relieved from " a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect."   A party who has suffered a judgment to be rendered against him by default has no standing in court, except for two purposes.   The one is to have the default set aside, and the other is to appear and contest the amount of damages.   *Briggs* v. *Sneghan*, 45 Ind. 14.

In our opinion, there had been no trial of this cause within the meaning of section 601, at the time the court granted a new trial.   It is quite certain that the granting of a new trial did not set aside the default which had been rendered against the appellee, but it remained in full force, and precluded the appellee from making any defence to the action until it was set aside.   See the cases collected in note 1, 3 Ind. Stat. 373.

The judgment by default was rendered on the 17th day of February, 1871.   The proceedings which took place in this case subsequent to the granting of the new trial terminated on the 28th day of February, 1874, more than three years after the default was taken.   Up to that time the judgment by default had not been set aside.   The relief under section 99, as amended, must be granted within two years.   It has

not been within the power of the court since the 17th day of February, 1873, to set aside such default. The only effect of granting a new trial is to get rid of the final judgment against the party in whose favor it is granted. To illustrate : Suppose the appellee had, instead of suffering a default, appeared to the action and filed an answer, and had been beaten upon a trial, and he had taken a new trial, as of right, the issues would not have been changed. The case would have stood as it did when the trial commenced under the issues formed. Or suppose the court had, upon the application of the appellee, set aside the default, and permitted him to plead to the action, and upon the issue thus formed a trial had taken place, and judgment had been rendered against appellee, can it be doubted that he would have been entitled to a new trial as of right, for the plain and obvious reason that there had been but one trial of the cause ?

In all the adjudged cases in this court, where a new trial has been granted as of right, there had been issue and trial upon the merits. The purpose of the statute was to give a party who had been beaten in a trial upon the merits, in an action to recover real property, another trial on the merits.

We are very clearly of the opinion that the court below possessed no power to set aside the judgment rendered in favor of the appellant, and grant a new trial ; and it necessarily results, that all the proceedings subsequent to the rendition of the original judgment are illegal and void.

The judgment is reversed, with costs ; and the cause is remanded, with directions to the court below so set aside all the orders, judgments, and decrees rendered subsequent to the rendition of the judgment of the appellant, and to render final judgment for the appellant.

DOWNEY, J., having been of counsel, was absent.

## ON PETITION FOR A REHEARING.

BUSKIRK, C. J.—A very earnest and elaborate petition for

a rehearing has been filed in this case. The point decided on the original hearing was, that a defendant who had suffered a judgment to be rendered against him by default, in an action to recover the possession of real property, and who had taken no steps to have the default set aside, had no right to have a new trial as a matter of right under section 601 of the code.

In the brief filed in support of the petition, it is strenuously contended that such ruling is wrong in principle, and is in conflict with the previous rulings of this court; and we are referred to the following adjudged cases in this court: *Shuman* v. *Gavin*, 15 Ind. 93; *Bender* v. *Sherwood*, 21 Ind. 167; *Murray* v. *Kelly*, 27 Ind. 42; *Schrodt* v. *Bradley*, 29 Ind. 352; *Moor* v. *Seaton*, 31 Ind. 11; *Skeen* v. *Muir*, 34 Ind. 310.

Having carefully examined all the cases cited, we proceed to state the points decided, so far as they have any bearing upon the question under examination.

*Shuman* v. *Gavin, supra*, was an action to quiet the title to real estate, and it was held that a new trial can be claimed, as a matter of right, in suits for the quieting of title, as well as in those for the recovery of the possession of real estate.

In *Bender* v. *Sherwood, supra*, it was held that under the facts of the case, the title to the real estate in question was so far involved as to entitle the appellant to a new trial, as a matter of right, under section 601 of the code.

The case of *Murray* v. *Kelly* was an action to quiet the title to real estate, and it was held that no notice was required of an application for a new trial, as of right, under section 601 of the code.

*Schrodt* v. *Bradley*, 29 Ind. 352, was an action of ejectment. At the term at which the judgment was rendered, the plaintiff moved the court for a new trial as of right, and the court ordered that a new trial should be granted on the condition that the costs were paid within sixty days. The costs were not so paid. Afterward, and within a year after the judgment, the plaintiff having died, his heirs at law paid the

costs and moved for a new trial, which was denied; and this court held that the order of the court requiring the costs to be paid within sixty days was illegal, and that the costs having been paid and the new trial applied for within the year, it should have been granted.

*Moor* v. *Seaton, supra,* was an action to quiet title. The defendant answered by a denial, and filed a cross complaint, in which he averred that he was the owner of the land in fee, that the plaintiff claimed some interest in the land, and that such claim was groundless; prayer to quiet defendant's title. There was an answer in denial. A trial resulted for the defendant. The plaintiff, having paid the costs, obtained a new trial as of right. Upon appeal to this court, it was contended that as the finding was on the cross complaint, the plaintiff was not entitled to a new trial as a matter of right. This court says:

"The statute secures to the losing party a new trial on the payment of costs. 2 G. & H. 283, 284, secs. 601, 602. The form of the issues can not abridge this right."

The case of *Skeen* v. *Muir, supra,* was an action to set aside and declare void a deed made by the Auditor of State for lands purchased at a sinking fund sale and enjoin the execution of a writ of possession issued by such auditor, the plaintiff being in possession by virtue of a contract of purchase, and to compel the vendor to make a deed and accept a mortgage for unpaid purchase-money. The defendants were defaulted; trial by the court, and judgment for the plaintiffs. Defendants, in vacation, gave notice to plaintiffs that they would pay the costs, take a new trial under section 601 of the code, and that the cause would stand for trial at the next term. Costs were paid and a new trial granted over the objection and exception of plaintiffs. This court says:

"The granting a new trial as of right under section 601 is assigned for error. We think this was not error, and are sustained in our view by *Bender* v. *Sherwood,* 21 Ind. 167; *Moor* v. *Seaton,* 31 Ind. 11. There are other cases in point,

but it is unnecessary to cite them. The court held that the cause stood for trial at the same term at which the new trial was granted, over the objection of plaintiffs; and this is assigned for error."

The court held that the cause did not stand for trial at the same term at which the new trial was granted, and for this error reversed the judgment. Other questions were considered, but they have no bearing on the question under examination.

It is very obvious that none of the above cases, except the last two, have any bearing upon the question involved in the present case. In our opinion, the case of *Moor* v. *Seaton, supra,* does not support the position contended for by counsel for appellee. In that case, an issue of fact was formed upon the original complaint, and also an issue of fact was formed upon the cross complaint. The finding was upon the cross complaint, and for this reason it was claimed that the plaintiff was not entitled to a new trial as of right, but the court held, that "the form of the issues can not abridge the right." It is manifest that the court referred to the issues of fact which had been formed in that case, and had no reference to a judgment by default.

The case of *Skeen* v. *Muir, supra,* apparently sustains the position contended for by counsel for appellee, as it appears in the opinion that the judgment was taken by default, but that point was not raised by counsel, or considered or intended to have been decided by the court. We have examined the record and briefs of counsel, and find that the only point made on that branch of the case was, that under the pleadings and facts of the case the defendants were not entitled to a new trial as of right under any state of facts. It was contended by counsel for appellants that the action was to enforce a contract for the sale of real estate, and was not an action to recover the possession of real estate or to quiet the title thereto, and therefore did not come within the purview of section 601 of the code. Counsel refer to the cases of *Benner* v. *Benner,* 10 Ind. 256, *Perry* v. *Ensley,* 10 Ind. 378,

*Shuman* v. *Gavin*, 15 Ind. 93, *Allen* v. *Davison*, 16 Ind. 416, and *Walker* v. *Cox*, 25 Ind. 271; and then attempt to show that the case of *Bender* v. *Sherwood*, 21 Ind. 167, was not an authority against them.

The argument of counsel for appellees on the point under examination was as follows:

"The first error assigned by the appellants is the granting a new trial as a matter of right under section 601 of the code, and they cite *Benner* v. *Benner*, 10 Ind. 256, *Walker* v. *Cox*, 25 Ind. 271, etc., relying especially upon *Benner* v. *Benner*. An examination of the cases cited by appellant will show that each of them were suits for specific performance, and nothing else. In the case at bar, the gist of the action is not for specific performance, but for an injunction to stay the appellees from ejecting them from real estate; it was, as is apparent from the record, so treated and considered by the parties; the judgment rendered by the court which was vacated, and in which the new trial was granted, was a judgment enjoining the ejectment of the appellants, and quieting the title against the deed and writ of possession from the auditor. It says not one word about specific performance; if the appellants desired a decree for specific performance they signally failed to make their wants known to the court.

"That a new trial can be had as a matter of right in a case like this is expressly decided in *Bender* v. *Sherwood*, 21 Ind. 167. The case does in no way conflict with *Benner* v. *Benner*, or *Walker* v. *Cox*, *supra*."

Neither of the briefs relied upon or discussed the question that the judgment had been taken by default. It is plain that that question was not in the mind of the judge who wrote the opinion, or of the court that concurred therein. The only question intended to be decided was, that the case came within the provisions of section 601, and this is further illustrated by the fact that the ruling was based upon *Bender* v. *Sherwood*, 21 Ind. 167, and *Moor* v. *Seaton*, 31 Ind. 11; for there was no question of default in either of

such cases, but the question in each case was whether the case came within the provisions of section 601 of the code. And surely no one would say, under the foregoing facts, that we should regard the case of *Skeen* v. *Muir* as an authority against the judgment heretofore announced in this case, or that it was an exception to the proposition laid down in the original opinion, that in all the adjudged cases in this court where a new trial had been granted under section 601, there had been an issue of fact and trial on the merits.

Counsel for appellant assume another position, which we will state in their own language:

"One of the vital and important questions of practice which we apprehend may be pressed for the first time under the code, in the case at bar, is this:   The appellee having suffered judgment to be rendered against him by default, was he entitled to be relieved of that judgment upon a motion for a new trial under section 601, on payment of costs, etc.? or, whether a final judgment having been rendered against him, was he compelled to seek relief from the judgment by a direct and formal motion to set aside the default, accompanied by a statement of facts constituting a meritorious defence to the action under section 99?

"The setting aside a default under section 99, where a final judgment has been rendered, and of granting a new trial in a real action under section 601, or in granting a new trial under the general provisions of the practice act, leaves the parties for every conceivable purpose of right and justice substantially in the same attitude, by vacating the previous action and judgment of the court, and leaving the rights of the parties in either event entirely dependent upon the result of a trial *de novo*."

It will be observed that the learned counsel assume that this court has not settled the proper mode of obtaining relief against a judgment by default. In this assumption, they are much mistaken.  In *Langdon* v. *Bullock*, 8 Ind. 341, it was decided that a party could be relieved from a judgment which had been taken against him through his mistake,

Fisk *v.* Baker.

inadvertence, surprise, or excusable neglect, by pursuing the remedy provided by section 99 of the code. 2 G. & H. 118.

The ruling in the above case has been adhered to in the following cases which we have found, and there are probably as many more which we have not examined:

*Archibald* v. *Lamb*, 9 Ind. 544; *Woolley* v. *Woolley*, 12 Ind. 663; *Carlisle* v. *Wilkinson*, 12 Ind. 91; *Harlan* v. *Edwards*, 13 Ind. 430; *Lasselle* v. *Wilson*, 13 Ind. 453; *Durbon* v. *Connor*, 15 Ind. 433; *McQuary* v. *Cass*, 16 Ind. 306; *Goings* v. *Chapman*, 18 Ind. 194; *Wheat* v. *Catterlin*, 23 Ind. 85; *Blasingame* v. *Blasingame*, 24 Ind. 86; *Kirkpatrick* v. *Holman*, 25 Ind. 293; *Armstrong* v. *Armstrong's Adm'r*, 27 Ind. 186; *Hunter* v. *Elliott*, 27 Ind. 93; *Ratliff* v. *Baldwin*, 29 Ind. 16; *Blake* v. *Stewart*, 29 Ind. 318; *Smith* v. *Noe*, 30 Ind. 117; *Phelps* v. *Osgood*, 34 Ind. 150; *Yancy* v. *Teter*, 39 Ind. 305; *Barnes* v. *Conner*, 39 Ind. 294; *Gray* v. *Dickey*, 20 Ind. 96; *De Armond* v. *Adams*, 25 Ind. 455; *Goldsberry* v. *Carter*, 28 Ind. 59; *Clegg* v. *Fithian*, 32 Ind. 90; *Monroe* v. *Strader*, 33 Ind. 111; *Buck* v. *Havens*, 40 Ind. 221; *Harvey* v. *Wilson*, 44 Ind. 231.

The case of *Kent* v. *Lawson*, 12 Ind. 675, is the leading case in this court in reference to new trials for cause as prescribed by section 352 of the code. 2 G. & H. 211. The ruling in that case has been adhered to in many subsequent cases. *Downing* v. *The Evansville, etc., R. R. Co.*, 13 Ind. 148; *The State* v. *Rabourn*, 14 Ind. 300; *Barnard* v. *Graham*, 14 Ind. 322; *Sherman* v. *Cameron*, 14 Ind. 418; *Nelson* v. *Hart*, 14 Ind. 448; *Voltz* v. *Newbert*, 17 Ind. 187; *Nelson* v. *Johnson*, 18 Ind. 329; *Gray* v. *Stiver*, 24 Ind. 174; *The Cincinnati, etc., R. R. Co.* v. *Washburn*, 25 Ind. 259; *Hughes* v. *Ainslee*, 28 Ind. 346; *Rosenbaum* v. *McThomas*, 34 Ind. 331; *Miles* v. *Buchanan*, 36 Ind. 490; *The Jeffersonville, etc., R. R. Co.* v. *Riley*, 39 Ind. 568; *The Columbus, etc., R. W. Co.* v. *Powell*, 40 Ind. 37; *Carr* v. *Eaton*, 42 Ind. 385; *Hougland* v. *The State*, 43 Ind. 537; *Bartholomew* v. *Loy*, 44 Ind. 393.

It is thus made apparent that the code has provided sepa-

VOL. XLVII.—35

rate and distinct remedies for new trials for cause, for new trials as of right, and for setting aside a judgment by default. When a judgment has been rendered by default, the party against whom the judgment has been rendered has no standing in court that will entitle him to move for a new trial either for cause or as a matter of right. The reason of the rule is fully shown in *The Marion and Logansport R. R. Co.* v. *Lomax*, 7 Ind. 406.

In that case, the appellant had suffered a default, and without taking any steps to set it aside, appeared and moved in arrest of judgment. This court held the party had no right to make the motion. The court say:

" But it was not a motion adapted to the case. There had been no trial; the default prevented one; and there could be none till the default was set aside. No motion for that purpose was made. The only motion the defendant could make, as the case stood, was to set aside the inquest of damages. No such motion was made. See *De Gaillon* v. *L'Aigley*; 1 B. & P. 357." .

So, in the present case. The default admitted the cause of action. There was no trial; the default prevented it. There was an assessment of damages. The appellee might have moved to set that aside without being relieved of the default, or he might have proceeded under section 99 and had the default set aside. In such case, there would have been no judgment against him. The case would then have stood for issue and trial as though no default had been rendered.

Downey, J., having been of counsel, was absent.

Opinion filed May term, 1874; petition for a rehearing overruled November term, 1874.