## Taylor et ux. *v.* Watkins.

MORTGAGE.—*Setting Aside Judgment of Foreclosure.—Excusable Neglect.— When Building is not Fixture.—Pleading.—*In a complaint by a husband and wife, under section 99 of the code, 2 R. S. 1876, p. 82, to set aside a judgment of foreclosure rendered against them by default in favor of the mortgagee, it was alleged, in substance, that, during the pendency of said suit, the husband was exceedingly sick, and wholly unable to provide for his defence to said suit; that the wife knew nothing of any defence to said suit, and was too much occupied in attending to her husband during his sickness to make any arrangements for the defence of said suit, even had she possessed such knowledge; that, at the time said mortgage was

executed, there were upon the lands embraced therein a portable steam sawmill, boiler, engine, etc., which were personal property, and had always been so treated, and had been moved from time to time, and were attached to said real estate only to the extent necessary to steady the machinery of said mill, and could be removed when desired without injury to said real estate ; that said mortgage did not, and was not to, include said mill, and the mortgagors were ignorant that it was so claimed ; that it was alleged in the complaint on which said judgment was rendered, that said mill was covered by and included in said mortgage, and that said judgment embraced said mill, and it was sold by the sheriff, with the real estate upon which it was standing, to the mortgagee, etc.

*Held,* that the complaint contained facts sufficient to put the mortgagee upon his defence, and was good on demurrer.

*Held,* also, that the allegations of the complaint show the mill in question to have been personal property and not subject to the mortgage.

From the Brown Circuit Court.

*A. W. Prather,* for appellants.

NIBLACK, J.—This was a proceeding by John H. Taylor and Serena H. Taylor, his wife, against Joseph Watkins, under section 99 of the code, 2 R. S. 1876, p. 82, to set aside a judgment of foreclosure rendered against them upon default.

The complaint, which was verified by affidavit, was, in substance :

That, on the 5th day of June, 1874, the said John H. Taylor executed and delivered to the defendant, Watkins, his promissory note, promising to pay the said defendant the sum of twelve hundred dollars, twelve months after date, without relief from valuation or appraisement laws, at ten per cent. interest and reasonable fees for the plaintiff's attorney, if suit should be instituted on said note; that, to secure the payment of said note, the said John H. Taylor, together with the said Serena H. Taylor, who was then and has since continued to be his wife, executed to the defendant a mortgage on some small tracts of land, containing in all about twenty-seven acres, giving a particular description of each tract; that, on the

11th day of June, 1875, the defendant brought suit in the Brown Circuit Court on said note and to foreclose said mortgage; that said plaintiffs were on that day served with a summons to appear and answer in said action; that, for reasons hereinafter stated, the plaintiffs did not appear to said action, but wholly made default, and that upon such default judgment was rendered against the said John H. Taylor on said note, on the 21st day of June, 1875, for twelve hundred and eighty-eight dollars and sixty cents and costs, and against both the plaintiffs for the foreclosure of said mortgage and for the sale of the lands therein described, to pay the judgment on said note; that, on the 27th day of June, 1875, the defendant caused a copy of said judgment of foreclosure to be issued and placed in the hands of the sheriff of Brown county who thereupon advertised the lands so ordered to be sold for sale in due form of law, setting the day of sale for the 28th day of August, 1875; that, on the day last named, said sheriff offered said lands for sale, in the manner prescribed by law, and sold the same to the defendant for thirteen hundred and seventy-eight dollars and twenty-five cents, being the full amount then due on said judgment of foreclosure for principal, interest and costs, a certificate of which said sale was issued by said sheriff to the defendant, copies of which proceedings, judgment, and return of the sheriff were filed with, and made a part of, the complaint; that, at the time of the commencement of the suit on said note and mortgage, and at the time the summons in said suit was served upon the plaintiffs, and for four months prior thereto and two months thereafter, the said John H. Taylor was sick, so that the greater portion of the time, that is to say, from the 1st day of May, 1875, until the 1st day of August in the same year, he was not expected to recover from said sickness; that, for all the time the said John H. Taylor was so sick, he was confined to his bed at

his home, in Georgetown, in said county of Brown, five miles from Nashville, the county-seat of said county, where said judgment of foreclosure was rendered ; that his, the said John H. Taylor's, sickness was of such a character as to render him unable to attend to business, and to so prostrate him, that, when the summons was served on him, as above set forth, his mind was so affected that he could not have transacted any business intelligently, and that he continued in that condition for six weeks there-- after, suffering intense pain, and sometimes wholly unconscious ; that, by reason of his said condition, he was, both mentally and physically, incapable of either directing or dictating the employment of counsel, or otherwise providing for his defence to said action ; that he had only an indistinct recollection that said summons had been served upon him ; that the said Serena H. Taylor knew nothing of the facts in relation to the agreement between her husband and the defendant, of her own knowledge, and was not informed as to any defence her husband had to said action ; that she was too much occupied with the necessary care for and attention to her husband, during his said dangerous illness, to have permitted her to have made any arrangements for the defence of said action, if she had been in possession of the facts necessary to the defence thereof ; that, at the time the plaintiffs executed said mortgage to the defendant, there were upon the lands embraced in said mortgage a steam saw-mill, boiler and engine, with saws, pulleys, belts, pumps, log-way and carriage, tools, and other appliances and attachments suitable to and necessary for the running and operating of said mill; that said mill, boiler, engine, and appliances thereto belonging, were personal property, and not affixed, appurtenant, nor attached to the real estate, only as such was necessary to steady the machinery of said mill, but together made a portable steam saw-mill, which could be removed without

.serious injury to said real estate; that said mill was so constructed that it could be moved when and where it should be desired to move it, without serious injury to the real estate on which it might be located.

That said steam mill always had been personal property, and as such treated by the said John H. Taylor and the former owners thereof, and had been moved from time to time, and set down at different places, and, when it was set down upon the lands mortgaged to the defendant, it was the intention of the said John H. Taylor to move the same to some other place, when the timber should become scarce and a better place could be found.

That said defendant, when he brought suit on the note and mortgage herein above referred to, alleged in his complaint, that said mill was covered by and included in said mortgage, and procured the judgment of foreclosure to specifically embrace said mill, so that it was sold with the real estate on which it was standing; that the plaintiffs had a good defence to the action on said mortgage, in this, that said mill was not included in said mortgage when it was executed, nor was it understood to have been so included, between the parties to said mortgage; that, by the terms of such mortgage, said mill was not covered by it; that the plaintiffs had no knowledge that it was claimed that the mill was included in the mortgage, or that it had been included specifically in the defendant's judgment of foreclosure, until near the 20th day of March, 1876; that it was on or about the 28th day of March, 1876, before they had an opportunity, suitable to the said John H. Taylor's condition of health, of consulting counsel and ascertaining the precise terms of said judgment of foreclosure.

Wherefore the plaintiffs demanded that their default, and the judgment of foreclosure, and the sale of the real estate made thereon, be set aside, that they might be permitted to make defence to the action on said mortgage, and that they should have all other proper relief.

The complaint above set out was an amended complaint, and was filed on the 26th day of June, 1876.

The defendant demurred to the complaint, and his demurrer was sustained, and judgment was rendered in his favor upon his demurrer.

The appellee insists that the facts alleged in the complaint show the mill to have been attached to and a part of the real estate, when the judgment of foreclosure was taken, and that hence no error was committed by the inclusion of the mill in that judgment; that the averment, that the mill was attached to the real estate only so much as was necessary to steady the machinery, was, in effect, an admission that it had become, and was in fact, appurtenant to and a part of said real estate.

We think this latter averment, when taken in connection with the other averments in the complaint, will not bear the construction placed upon it by the appellee. We are of the opinion, that, upon the authority of the case of *Pea* v. *Pea*, 35 Ind. 387, the allegations of the complaint show the mill in question to have been personal property, and not subject to the mortgage. See, also, *Young* v. *Baxter*, 55 Ind. 188.

We are further of the opinion, that the complaint contained facts sufficient to put the appellee upon his defence, and was, therefore, good upon demurrer. *Harvey* v. *Wilson*, 44 Ind. 231.

With this view of the case, the judgment will have to be reversed.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings.