SARAH A. HALLAM *vs.* FRANCIS DOYLE and another.

June 28, 1886.

**Ejectment—Default—Second Trial.**—A defendant is not entitled to "another trial," under Gen. St. 1878, c. 75, § 11, in an action for the recovery of real property, where he has failed to answer, and allowed judgment to be rendered against him by default.

**Same—Directing Verdict.**—In an action for the recovery of specific real property, if there is no conflict in the evidence as to the facts, the court may, as in any other case, direct a verdict.

Ejectment in the district court for Hennepin county. The answer of defendant Mary A. Doyle was a general denial. The answer of

v.35m—22

the defendant Francis Doyle, after a general denial, alleged as a further defence that in 1873 the plaintiff brought an action of ejectment against him for the same premises, in which action judgment was entered against defendant for his failure to answer; that thereafter the defendant, within the time allowed by law, duly paid the costs of the action and demanded another trial, and that such action has never been disposed of and is still pending subject to a re-trial. The present action was tried before *Young*, J., and a jury. The plaintiff introduced evidence showing her title and the possession of defendant Francis Doyle, and that the value of the possession was $100. This evidence was undisputed. No evidence was introduced showing that Mary A. Doyle had ever been in possession of the land, or who she was, or what relation, if any, she sustained to her codefendant. The defendant Francis Doyle offered evidence to prove the facts set up in the second defence in his answer, which evidence was objected to and excluded. The court thereupon directed a verdict for plaintiff for possession of the premises and for $100 damages. The defendants appeal from an order refusing a new trial.

*Merrick, Davenport & Thian*, for appellants.

*Henry M. Farnam* and *Benton & Roberts*, for respondent.

MITCHELL, J.   As we understand the record in this case, the judgment in the former action by plaintiff against defendant Francis Doyle, for the recovery of the possession of these premises, was rendered upon default of an answer. The defendant twice applied to have this judgment opened, and for leave to answer, but in each instance the application was denied. Under such a state of facts he was not entitled to "another trial" as a matter of right, under Gen. St. 1878, c. 75, § 11. This section had no application to a case where the defendant fails to answer, and permits judgment to be rendered against him by default. The statute presupposes that there is some issue to be tried. But where the defendant has failed to answer, there is no issue, and nothing to try, until the default is opened, and he is permitted to answer. Application for this relief is to be made under the provisions of Gen. St. 1878, c. 66, § 125, and, as in any other case, is addressed to the discretion of the court. *Fisk* v. *Baker*, 47 Ind. 534. It follows that defendant's demand for a second trial

was unauthorized. The first action had therefore been finally disposed of, and was no longer pending. This disposes of defendant's plea of the pendency of another action.

The evidence was clear and undisputed that plaintiff was entitled to the possession of the premises; that defendant Francis Doyle had unlawfully withheld possession from her; and that, by reason of such unlawful detention, plaintiff had sustained $100 damages. On that state of the evidence the court was justified in directing a general verdict for plaintiff, and for $100 damages against defendant Francis Doyle. The court has the same right to direct a verdict in an action of this kind as any other, where there is no conflict or doubt under the evidence as to the facts. This does not at all interfere with the discretion given to the jury by Gen. St. c. 66, § 236, to render either a general or special verdict in such cases. A special verdict is one by which the jury find the facts only, leaving the judgment to the court. Where there is no conflict as to the facts, there is no occasion or use for a special verdict.

The defendant Mary A. Doyle, by her answer, interposed a general denial to all the allegations of the complaint. No evidence was introduced to show that she had ever been in possession of the premises, or who she was, or what relation she sustained to her codefendant. It was therefore clearly error to direct any verdict against her. But there is nothing in the way of setting aside the verdict as to her, and allowing it to stand against Francis Doyle, and entering judgment thereon against him.

Order affirmed as to defendant Francis Doyle, but reversed as to defendant Mary A. Doyle, with directions to the court below to dismiss the action as to her.