## WM. H. HALL v. FRANCIS L. SANDERS, *et al.*

SECTION 599 OF THE CODE, *Construed.* In an action brought for the recovery of real property and damages for its detention, "another," or second trial, cannot be granted to the defendant under the terms of ₴ 599 of the code, without any showing therefor, as a matter of right, where such defendant fails to demur, answer or otherwise appear until after the judgment is rendered upon default.

### *Error from Shawnee District Court.*

ACTION brought by *Hall* against *Sanders* and two others, for the recovery of certain real estate and damages for its detention. Judgment was rendered for the plaintiff at the January Term, 1880, of the district court. Thereafter during said term the defendants filed their joint motion for a new trial, under § 599 of the code, and thereupon the court vacated the judgment and granted a second trial. The plaintiff excepted to this ruling, and has brought the case here. Other facts appear in the opinion.

*Douthitt & McFarland*, for plaintiff in error:

There is but one question presented in this case, and that is, whether the defendants, after making default and allowing a judgment to be taken as confessed against them, had a *right*, by virtue of § 599 of the code, to have the judgment set aside and a new and second trial of the action granted, upon merely demanding the same under said section, and without further or other proceeding or showing.

Does this section apply to cases where judgment has been rendered by default? The precise question here presented came before the supreme court of Indiana, in the case of *Fisk v. Baker*, (47 Ind. 535.) That state has a statute like ours, allowing a second trial as a matter of right in actions for the recovery of real property. Its statutes in regard to new trials generally and proceedings to set aside defaults, are substantially like our own. The facts in that case were indentical with the facts in this. The case was fully considered, and the court in an elaborate opinion held that said section allowing a new trial as a matter of right in this class of cases applied only to cases where there had been one trial; that the taking of a judgment by default is not a trial, and that in such case a motion for a new trial as of right cannot be entertained. Subsequently, upon motion for a rehearing, the court again went over the whole ground, and reasserted its former opinion.

We submit that this is the reasonable and proper interpretation to be given to § 599 of the code. The right which the statute assumes to give is "another trial;" the plain and indisputable meaning of the section is, that after *one* trial *another* may be demanded. Another trial cannot be had unless there has been a first or former trial. Had there ever been a trial of this action? The defendants did not appear; no answer or demurrer was filed. Every material allegation in the petition was admitted, except the one as to the amount of damages (Code, § 128), and this the court assessed upon proof, by virtue of § 401 of the code.

In *Race v. Malony* (21 Kas. 36), this court has clearly laid down the doctrine that there is and can be no trial in default cases. The court says:

"Where no answer or demurrer is filed, no *issue*, either of fact or law, arises. (Gen. Stat., p. 679, §§ 262, 263.) A trial is a judicial examination of the *issues* in the case. (Gen. Stat., p. 680, § 265.) Where there are no issues, there can be no trial."

Sec. 599 does not enlarge the right of a party in the matter

of obtaining a new trial, except in the one particular of giving him another trial as a matter of right, without showing cause. · If by reason of default a new trial cannot be granted for cause, the court cannot entertain a motion under § 599· The relief which the party gets in either case is a new trial, and he must have such a standing in court as will give the court a right to entertain a motion for a new trial. A party against whom a judgment has been rendered by default has no such standing as will entitle him to move for a new trial, either for cause or as a matter of right; he can appear for only two purposes — one to have the default set aside, and the other to contest the amount of damages. (23 N. Y. 347; 1 Duer, 701; 37 Mich. 131; 5 Minn. 65; 7 Ind. 406.)

*W. C. Webb*, and *Leland J. Webb*, for defendants in error:

1. The only "proceeding or showing" required by law is, that the party against whom the *judgment* is rendered shall, during the term at which it is rendered, demand another trial by notice on the journal. (Code, § 599.) This was done by defendants.

Counsel for plaintiff insist that, inasmuch as there was no answer filed at the time the judgment was rendered, and as the defendants did not appear until after the judgment was rendered, that there could be no "trial." The transcript shows there *was* a trial. The record proves a trial in fact, as well as in law; and it will not do to now contend that the journal entry is not true. The record of the trial must be presumed to have been approved by the plaintiff, and by the court. It is conclusive regarding the matters and facts recited. Nor can it be maintained that a "trial" was not necessary, and that therefore so much of the record as shows a "trial" is to be treated as surplusage. If the action had been for *ejectment only*, there would be some plausibility in a claim that, under § 128 of the code, "every material allegation of the petition not controverted by the answer" must be "taken as true," and that in such case no formal trial is necessary. But such is not the fact. The petition sets forth not

only a cause of action "for the recovery of the possession" of
lands alleged to have been unlawfully withheld, but contains
the additional allegations that the defendants have unlawfully
held the possession of the lands for nearly eight years, receiv-
ing the rents, issues and profits thereof during all that time,
and claiming damages therefor in the sum of $8,000.

The record of the trial shows a judgment in favor of the
plaintiff, not only for the recovery of the possession of the
land, but for "the sum of twenty-four hundred dollars his
damages" for "the unlawful withholding thereof" by the
defendants.    Could this judgment have been legally rendered
upon the "defendants' default," and without proof?    No.
"Allegations of value, *or of amount of damages,* shall not be
considered as true by failure to controvert them." (Code,
§ 128.)    Plaintiff claimed $8,000 damages, and recovered
judgment for $2,400 damages.    If the "default" confessed
anything, it confessed the sum claimed in the petition.    But
it confessed *nothing.*    It operated simply as a "general de-
nial," and put the plaintiff to his proof.    It did not even
waive a jury to assess the "damages."    It merely enabled
*plaintiff* to waive such jury, (Code, § 289,) and such waiver
appears in the record of the trial.    The finding and judgment
in favor of plaintiff for $2,400 "damages," could only have
been made and given upon *testimony* offered and received at
"the trial"—and the record shows the cause came on "regu-
larly *for trial,*" and that "the court, *after hearing the evidence,*
and argument of counsel," found that the plaintiff was enti-
tled to the possession of the land, and that he had sustained
damages by reason of defendants' unlawful withholding. of
the same.

But again: It is a rule to which there is no exception, that
whenever the plaintiff is compelled to offer testimony as to
any fact or facts before final judgment can be entered in his
favor, the defendant, although in default for want of answer,
or even an appearance, may appear at the trial and cross-
examine the witnesses called and examined by the plaintiff.
Now in this case, the plaintiff was compelled to offer and did

offer testimony.  Suppose at that time the defendants had ap-
peared and claimed and exercised their right to cross-examine
the witnesses, and upon testimony so elicited it appeared that
instead of $2,400 damages, the plaintiff had sustained nomi-
nal damages only: would it be contended that there had been
"no trial?"  Certainly not—and the judgment upon de-
fendants' application would have been set aside and a new
trial ordered.  How can it then be said, that they are pre-
cluded by their default from demanding a new trial, and must
abide by a judgment against them not only for the recovery
of 240 acres of land, but for $2,400 recovered upon a par-
tial showing of facts within the knowledge of plaintiff's own
witnesses?

2. Plaintiff cites and relies upon the case of *Fisk v. Baker*,
47 Ind. 535.  The case strongly supports the *theory* of plain-
tiff; but in some material respects it is very unlike the case
at bar.  The proceedings in the trial·court are thus stated by
Mr. Justice Buskirk:

"The appellant (Fisk) brought his action in the form pre-
scribed by statute for the recovery of real estate described in
the complaint, and damages for its detention.  The appellee,
(Baker,) who was defendant below, *made default, the complaint
was taken as confessed*, the damages were assessed by the court,
and judgment followed upon *the confession* AND *finding*."

Now this statement shows clearly that the practice in the
Indiana courts, and pursued in *Fisk v. Baker*, is that in gen-
eral use before the modern system known as "code proced-
ure," and is very unlike the practice pursued in the courts of
this state, and unlike that shown by the record in the case at
bar.  An examination of almost any work on "Practice and
Pleading" in use before the code, respecting "Proceedings on
Default in not Pleading," will show what was necessary to be
done on the part of the plaintiff to obtain a judgment upon
a "default."  We quote from 1 Burrill's Practice, 369, 370,
edition of 1846:

"By omitting to make a defense to the action within the
period allowed him for that purpose, the defendant is consid-
ered as impliedly *admitting* the validity of the plaintiff's de-

mand, and accordingly *becomes liable* to have judgment pass against him for such *default.* In order, however, to entitle the plaintiff to such judgment, it is necessary, in the first place, that *the right to enter such default should be judicially established.* To this end, an application or *motion* is supposed to be made to the court, on the part of the plaintiff, founded on an affidavit of service of the declaration, and notice to plead, for a *rule* authorizing the entry of such default. No such motion is, in fact, ever made; but the proceeding is merely by *common rule,* entered in the clerk's office as a matter of course, on filing the affidavit of service, (or showing the sheriff's return of due service.) The *default being entered, another application* is thereupon supposed to be made to the court, on the part of the plaintiff, that *judgment* pass against the defendant; the proceeding being in fact, by common rule, as in case of entering the default. After the entry of this rule, (that 'judgment pass against the defendant,') proceedings are taken, when the action requires it, to ascertain the amount of the plaintiff's damage, (either by referring it to the clerk to compute the amount, or by summoning a jury of inquiry;) and judgment is thereupon perfected in the ordinary manner."

This was the former practice, and is still the practice in most of the states. Eliminating the fictions, and we find that, before final judgment could be entered upon a default, it was necessary that the *court* should determine that "default" had been made; that such default should be duly entered or noted in the rule-book; and that thereupon entry should be made that *judgment* pass against the defendant. The judgment so entered was generally called an "interlocutory judgment;" and after the damages had been assessed, final judgment was given and entered. This practice is not prohibited, but only modified or simplified by our code. It ought to be substantially pursued in all cases where a defendant fails to answer or demur, and the proceedings should appear in the record. It *was* pursued in the Indiana case of *Fisk v. Baker.* The "default" had been duly adjudged, and was duly entered. "The complaint was taken *as confessed;*" that is, the default was determined, and duly entered, and judgment interlocutory given against the defendant. "The

damages were assessed by the court, and judgment (final) followed upon the confession *and* finding." · The trial court subsequently set aside this final judgment; but the supreme court say, in their opinion, at page 538:

"It is quite certain that the granting of a new trial *did not set aside the default which had been rendered against the appellee,* but it *remained in full force,* and precluded the appellee from making any defense to the action until it was set aside."

Now in the case at bar, the journal entry shows that due proof of personal service of summons was made on the defendants; but it does not show that their "default" was entered or noted, nor that there was any order or decision by the court "that *judgment* pass against the defendants" by reason of their default. On the contrary, the record shows by the strongest possible implication that no such proceeding was asked for, or took place, because it shows affirmatively that, (the defendants "still failing to demur or answer,") "this cause came on regularly *for trial;*" that "a jury was waived by the plaintiff;" that "the same," (that is, the "cause," and *the whole of, it,*) was "submitted *to the court for trial;*" that the court "heard the evidence, and argument of counsel," and *thereupon,* (that is, upon the *testimony,*) *"found* that the plaintiff is seized in fee simple of the lands described;" *and* "that the plaintiff is entitled to the possession thereof, *and* that defendants unlawfully keep plaintiff out of the possession of said premises," "and the court do assess plaintiff's damages at the sum of $2,400." From this record it is impossible to find, or even infer, that defendants' "default" was ever formally entered or noted upon the record, and much less that the court made any order or decision that by reason of defendants' default the plaintiff's petition was or should be "taken as confessed," or that plaintiff's right to recover *anything* was "established" upon the "default." It is no answer to this to say that there is no necessity for the formal entry of the default, and the formal judgment interlocutory, and that in contemplation of law they were made and given, and that under § 140 of the code the court "must

disregard the error or defect." If the law presumes that the default was entered, and thereupon judgment interlocutory was given, because such proceedings *might* have taken place, then the court must say that the formal trial, the hearing of the testimony, the findings of fact, and the judgment given *upon such findings,* all shown by the record, were wholly unnecessary. But a *judgment* is not to be *presumed.* That is to be pronounced by the court, and entered of record. Nor can any judgment formally entered upon the record as having been given upon one state of facts, or upon the termination of certain specified proceedings, be presumed to have been given upon different facts and proceedings not appearing anywhere in the record. If the rule which plaintiff contends for in this case is the correct one, then, according to the record, the whole proceedings had and taken at the trial, as shown by the journal entry, were irregular, and the court had the right to set them aside upon motion, whether the correct ground for the motion was stated, or not; and being (as plaintiff contends) a judgment without a "trial," the defendants (now that the irregular judgment has been vacated, and that defendants have answered to the merits) are entitled to *two trials,* whereas they claim only one more trial. A careful reading of both opinions in *Fisk v. Baker,* (47 Ind. 534 to 546,) will show that the decision was made to hinge upon the effect of the proceedings taken and recorded, the formal entry of the default, and the formal judgment thereupon *as upon confession,* and that such default and judgment had *not* been set aside, notwithstanding the order granting a "new trial." The case is not therefore an authority in this case.

The plaintiff, upon the authority of *Fisk v. Baker,* supra, *Race v. Malony,* 21 Kas. 31, 36, and §§ 261, 262, 263 and 265 of the code, contends, notwithstanding the conclusive recitals of the record against his position, that there has been no "trial," and that therefore there can be no *new* or *second* trial. As to the statute: The sections cited define the term "issue," state how certain "issues" arise, and define "a trial" as "a judicial examination of the issues." And upon simi-

35—25 KAS.

lar provisions in the Indiana statutes, the court in *Fisk v. Baker*, as did this court in *Race v. Malony*, 21 Kas. 36, held that there can be no trial where there is no issue, and that there can be no issue where no answer or demurrer is filed. With the most profound respect for both courts, the writer hereof dissents from this reasoning. It is plausible, but not sound. In this state certainly, an "issue" *is* raised upon every "allegation of value, or amount of damages," in a petition in any action, except actions upon contract "for the recovery of money only." (Code, § 128.) And in actions for divorce there is always an "issue of fact," and there *must* be a "trial,". as no divorce can be granted "without proof," whether the defendant fails to answer, or not. (Code, § 650.) And this proves that the language of §§ 261, 262, and 263, is merely affirmative and declaratory, in a general way, and the maxim, *Expressio unius, est exclusio alterius*, does not apply to them. Granted, that the word "issue" implies that there is a dispute between the parties to the record, an affirmance on one side and a denial on the other, and it *does not* follow that such issue cannot arise and be before the court except upon formal pleadings filed by the parties. The court sits to administer the law, to prevent injustice and wrong, as well as to enforce right and justice. It is the depository of the conscience of the people, and is bound to protect the rights of all by not permitting the rights of any individual to be invaded and taken away, even though he neglects to appear and demand protection. An "issue" therefore is formed whenever a plaintiff alleges that he has been injured or damaged by another, in any form, and demands reparation for such injury or damage, through the medium of the courts. To every such claim or demand the *law* stands and operates as a "denial," and forms an "issue," until in due manner and form the defendant by his own action, or his default, denies, or confesses. If this were not so, there would be little need of courts, as the aggrieved party would himself become the judge of his own rights, and of the proper mode of redress. And herein is found the reason for

requiring a *formal entry* of a defendant's default, and a formal decision and record showing *what such default confesses,* and what judgment or right thereby and thereon passes in favor of the plaintiff and against the defendant. An "issue" therefore arises in most actions as soon as the defendant is served with process. It is an "issue" between the parties to the suit. The defendant is entitled to "his day in court." Being duly served, and failing to answer within the time fixed by law, the law *permits,* but does not *compel,* the court to declare the "issue" previously existing determined, by formally noting and entering the "default," and adjudging the effect of such default upon the rights of the parties respectively. But whether the court gives final judgment, or only judgment interlocutory, in default cases, the *record* must show that due service was made, and that the default exists, and that by reason of such default the petition is "taken as confessed;" and unless it does show these matters, judgment cannot be legally given, unless the record shows a *hearing* or *trial,* and that testimony was taken in lieu of the default and the confession, and that the judgment was given upon the facts proven and found.

While a "trial" may therefore be correctly defined as "a judicial examination of the *issues,*" it is not true that there can be *no issue* where there is no "answer" or "demurrer." In *Race v. Malony,* 21 Kas., pp. 35 to 37, the court discusses one question only, whether the judgment complained of was "prematurely rendered." That was an action for money only; the service was constructive, and property was taken upon an order of attachment. The defendant did not appear nor answer. The question was not whether the judgment could be set aside upon proper proceedings therefor, but whether the case was properly upon the trial docket for hearing at the time the judgment was rendered; and it was upon this question that the court said that "where no answer or demurrer is filed, no issue, either of fact or law, arises. Where there are no issues, there can be no trial." The proposition is too broad for general application. The language of the opinion

is to be restricted to the case in which it is used. We have shown that there can be and are "issues" to be tried where no answer or demurrer is filed, and that the word "trial" is not restricted to the determination of those issues joined upon formal written pleadings. And in the case at bar, there was an "issue" to be tried, and there was a "trial" of such issue; and the judgment was properly set aside on defendants' application, and upon leave given an answer to the merits was · filed.

The other cases cited by plaintiff have no bearing upon the question presented in this case.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought in the court below by the plaintiff in error against the defendants in error, for the recovery of the real estate described in the petition, and damages for its detention. The action was begun November 28th, 1879; the summons was personally served on F. L. Sanders and Mary A. Sanders, and left at the usual place of residence of Bion Sanders, December 1st, 1879. At the January term of the court for 1880, and on the 22d day of January, the defendants having failed to demur, answer or otherwise appear, judgment was rendered for plaintiff against defendants for the recovery of the real estate, and for the sum of $2,400, as damages for the unlawful withholding of the same, and also for all costs. On February 9th following, execution was issued upon the judgment. After the issuing of the execution, and on the same day, F. L. Sanders filed a motion to set aside the judgment, alleging that the defendants were entitled to two trials, and thereon obtained a stay of the execution. On March 5th, and during the January term, all of the defendants filed their joint motion for a new trial as a matter of right under § 599 of the code. On the same day, without any showing therefor, the court vacated the judgment, and granted a second or new trial. The plaintiff duly excepted, and has brought the case here.

The question presented for our decision is, whether the de-

fendants, after making default and allowing the judgment to
be taken and entered of record, were entitled to another trial
as a matter of right, and without showing any cause therefor.
Sec. 599 reads:

"In an action for the recovery of real property, the party
against whom judgment is rendered may, at any time during
the term at which the judgment is rendered, demand another
trial by notice on the journal, and thereupon the judgment
shall be vacated, and the action shall stand for trial at the
next term."

Within the meaning of "another trial," under the statute,
we do not think such second trial is authorized as a matter of
right and without any showing, where the judgment is by
default and an assessment of damages only is had.    So far as
the action for the recovery of the possession of real property
was concerned, every material allegation in the petition, no
answer having been filed, must have been taken as confessed
under § 128 of the code.    All the court had to do, in view of
the default, was merely to assess the damages under the evi-
dence offered.    The object and purpose of § 599 are to pro-
vide a new remedy in actions for the recovery of real
property, only where there has been a judgment rendered on
the trial of the merits of the cause.    Its purpose is not
merely to retry the amount of damages to be recovered.    It
is true that by the provisions of § 83 of the code, a claim for
damages for withholding the real estate may be united in the
petition with the action to recover the real estate; neverthe-
less § 599 is intended to apply to actions brought under the
prior § 595.    For some reason, the legislature thought it wise
to permit a second trial as a matter of right in actions for the
reeovery of real property; but where judgment is rendered
on default and without any issue of law or of fact, no trial
has been in fact had, as that term is generally understood; and
therefore § 599 has no application, although a claim for dam-
ages is made in the petition, and there has been an assessment
of such damages upon default.    Where an answer has been
filed and a trial has been had, of course in granting a new
trial the order applies to the claim for damages as well as to

the cause of action to recover the real property. If the causes of action are united in the same petition, a second trial involves all, not a part only, of the issues in the case. If the argument of counsel in opposition to these views is correct, "another" or second trial could be had in the absence of any answer at all, and then such second trial would only reach the amount of damages, nothing more. It is contended, however, that because the journal entry of the judgment alleges that the cause came on regularly for trial, and was submitted to the court, a trial was in fact actually had. Yet, when we examine the entire record and find that there was no demurrer or answer, and only an assessment of damages, surely it cannot be fairly said that there was a trial in fact, as generally understood. We must look to the substance of the judgment, as well as to its form, and also to the pleadings under which the judgment was entered. Counsel attempt to distinguish the case of *Fisk v. Baker*, 47 Ind. 534, upon the theory that a formal entry of default was made in that case and not in the case at bar. Under our practice, it is not usual to have the default formally entered before the final call of the case for judgment. An examination of the record shows that due service was made, and that the default existed before judgment; therefore a formal entry of default would not have changed the *status* of the proceedings. In one sense there had been a hearing or a trial, but not a trial in fact within § 599; and it hardly seems reasonable to hold that a second hearing should be allowed as of right to the defaulting parties. We know as a matter of practice, while two trials are allowed as of right in this class of actions, when issues are joined between the parties, that frequently only one trial in fact ever takes place; yet this is an abuse, instead of a proper use of the statute, and is a practice to be condemned rather than to be favored. Such a practice is often adopted by the parties with the expectation of surprising each other on the second trial, or of obtaining some undue advantage upon the *final* trial by refusing to disclose the actual facts at the *first* trial. Such a practice is not founded in good faith, and virtually ignores the statute and deprives the parties of the actual benefits of two

trials. . As there never had been any trial between the parties to the record upon any issues of fact or law joined between them, it would be a contradiction of terms, and in violation of the spirit of the statute to hold that there could be "another" or a second trial without any showing, as a matter of right. (*Fisk v. Baker*, supra; *Race v. Malony*, 21 Kas. 31.)

The order of the district court must be reversed, and the case remanded. .

All the Justices concurring.