KATE KOHN v. KATE K. BARR *et al.*

EJECTMENT—*Action Properly Dismissed.* An action in ejectment is prop- erly dismissed when the plaintiff therein waives the first trial, and makes no demand for another or second trial, although nearly a year elapsed from the waiver of the first trial until the order of dismissal.

*Error from Atchison District Court.*

THE' opinion states the case.

*L. F. Bird,* for plaintiff in error.
*Mills & Wells,* for defendants in error.

Opinion by SIMPSON, C.: This was an action in ejectment, brought by the plaintiff in error against the defendants in error, for the recovery of the possession of the east half of the northwest quarter of section 11, in township 5, of range 18, in Atchison county, and also for judgment for the sum of $150 for the rents and profits of said land. The petition was filed on the 16th day of March, 1885, to which the defend- ants filed an answer and cross-petition on the 1st day of April, 1885, setting forth title and possession of said land in the de- fendant, Kate K. Barr, and alleging that a certain tax deed, of date March 20, 1868, under which it is alleged that the plaintiff derived her title, was void for certain stated reasons, and was also barred by the two-years statute of limitations; and praying that said tax deed be held for naught, and that the title and possession of said defendant Kate K. Barr in and to said land be quieted, and for all proper relief, etc.

To this answer and cross-petition the plaintiff, by the con- sent of the defendants, filed a reply on the 19th day of June, 1885, which, besides a general denial, alleged that the plain- tiff was in the actual possession of the land in controversy, under title derived from the public records of Atchison county, Kansas, and during such possession regularly paid the taxes on said land, from the spring of 1868 up to the spring of 1884, when such possession was taken away from her by the

defendants, and that she was the owner of said land, and entitled to the immediate possession thereof. Thereafter, on the 29th day of June, 1885, at the June term of said court, "by consent of said parties, plaintiff and defendants, the first trial in ejectment was waived, and said cause continued generally until the next term of said court."

Thereafter, and on the 27th day of November, 1885, and at the November term of said district court, the said defendants filed their certain motion to strike said case from the docket and dismiss the same, for the reason that the first trial thereof was waived, and no notice or demand for another or second trial was made on the journal, etc.; which motion was on the 19th day of May, 1886, allowed by the court, and said cause was by the court dismissed, and judgment rendered against the plaintiff for costs. The said plaintiff duly excepted, and brings the case to this court for review.

The error complained of in this case is the order of the court dismissing the action. The precise question is this: When the plaintiff in an action waives a trial, what is the proper disposition of the case? If the plaintiff does not want a trial, why should the case remain on the docket? In the nature of things there could not be any other disposition of the case than to dismiss it. The record fails to show that any demand for another trial was ever made. It may be it was not too late after the motion was filed to dismiss, to make such a demand. Then again, the court took the matter under advisement from one term to another, and yet no demand was ever made; so that the case stands: a waiver of the first trial; no demand for another; a motion to dismiss because of want of such demand, and because of the want of prosecution, still no demand; the motion considered for a long time, and yet no demand for another trial. It seems to us this was enough. (*Hall v. Sanders*, 25 Kas. 538.)

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.