## JOHN PROVINCE v. CHARLES LOVI.

1. OCCUPYING CLAIMANT. In order to successfully assert a right as an occupying claimant, the party must bring himself within the statuatory provisions applicable thereto and in the absence of such showing by defendant in an action of ejectment, he should be regarded as a trespasser, without any right to demand a jury to assess the value of the improvements he has placed upon the land.

2. REFEREE—*Oath Of.* Section 309, Code of Civil Procedure, which provides that a referee shall be sworn, while mandatory to the extent of requiring the oath to be taken, yet the precise language of the statute need not be followed in the oath administered; yet it is sufficient if the substance of the statute be complied with.

3. SAME—*Report Of—When Confirmed.* Where an objection is made to the report of a referee on the ground that the report is not sustained by the evidence, and the evidence taken by the referee in the hearing had before him is not incorporated in the motion to set aside the referee's report, it is not error for the trial court to overrule the objection to the confirmation of the report.

4. EJECTMENT—*New Trial.* Where a judgment by default is taken in favor of a plaintiff in an ejectment suit, and no issue has been raised by a defendant as to the right of plaintiff in the possession of the land, § 618 of our Code which provides for a new trial as a matter of right in an ejectment proceeding is not applicable. (*Hall v. Saunders*, 25 Kan, 538.)

*Error from the District Court of Oklahoma County.*

*R. G. Hays* and *J. S. Jenkins*, for plaintiff in error.

*A. B. Hammer* and *J. H. Everest*, for defendant in error.

The opinion of the court was delivered by

DALE, C. J.: November 15, 1893, Charles Lovi instituted an action in the district court of Oklahoma county against John Province and John Hicks to recover the possession of lots number 3 and 4, and the east half of the southeast quarter of section 11, township 12 north, range 2 west, Oklahoma county, and in such action asked for a judgment against defendants for damages in the sum of $700 for unlawfully keeping plaintiff out of the possession, waste and mesne profits. To this petition no answer was filed and on January 26, 1894, judgment was entered against the defendant, Province, by default. The record does not show that a judgment against Hicks was asked for and he·does not appear further in the case. Afterward, but on the same day upon which the judgment was taken by default, counsel for defendant, Province, filed a motion to strike the petition from the files because the same was not verified, and on March 5, following, counsel filed another motion for defendant, Province, asking that the default be set aside and alleging in such motion that at the time the judgment was rendered defendants were not in default for the reason that they had at such time a motion on file to strike the petition from the files because the same was not verified. The motion to set aside the default was overruled and no further proceedings appear to have been taken in the case until November 7, 1894, at which time a referee was appointed to try the question both of law and fact regarding the damages claimed in the petition. November 15th the referee filed his oath, and inasmuch as it is contended that the referee obtained no jurisdiction because the oath was not substantially as required by law,

43——IV.

we will set it out as it appears in the record.   After en-titling the cause, the oath is as follows:

"Territory of Oklahoma, Oklahoma County, ss.

"I, A. P. Bond, heretofore on the —— day of Novem-ber, 1894, appointed referee to take testimony concern-ing damages in said case and report herein on questions both of law and fact concerning said damages do solemnly swear that I will faithfully perform the duties of referee in said cause, according to the best of my ability, so help me God."

Following the oath appears the signature of A. P. Bond and a jurat showing that it was subscribed and sworn to on the 15th day of November, 1894, before W. H. Ebey, clerk of the district court.   On November 19, the referee filed his report and an inspection of it shows that the plaintiff and defendant appeared by counsel before the referee; that no objection was made to proceeding before such referee, in fact no objection was made to any of the steps taken by him before his report was filed in the district court on November 19, 1894. On December 12 the defendant, Province, filed a motion to set aside the report of the referee urging sev-- eral grounds in said motion, in substance as follows: That he had a valid defense to the action; that he en-tered upon the land in good faith, under a contract with one M. Crawford, whom defendant believed was in the law-ful possession of the same, and under said contract the defendant built a mill and made other permanent and lasting improvements on the land; that afterwards it was ascertained that the land was a fraction of about six acres and that Crawford's filing did not cover the same; that the plaintiff, learning of these facts procured some kind of a filing or claim to the same, well knowing at the time of procuring the filing or claim that the defendant oc-cupied the land in good faith and had built the mill and made valuable improvements as aforesaid; that when the

suit was filed and service had on the defendant, he employed attorneys to file his defense; that his attorneys had failed to file such defense. That on the 15'th day of November, 1894, the court appointed A. P. Bond referee to hear evidence and determine the amount of damages sustained by the plaintiff,· and that he, the defendant, had no actual notice of the appointment of the referee or the time or place of the trial by him until after the same was concluded. That defendant had no opportunity to be present at the trial with his witnesses; that he had been sick and unable to attend court at an earlier day; that he verily believes that he can show by sufficient proof that plaintiff is not entitled to any amount as damages; that the referee did not take the oath prescribed by law and had no jurisdiction to try or report on said case; that said referee erred in finding excessive damages in the sum of $400, and the defendant moved the court to set aside the default, also the report of the referee, and grant him a new trial. This motion was argued and by the court overruled, and on February 16, 1895, a judgment was entered awarding possession of the land and damages in the sum of $400. On the same day upon which the judgment was so entered, a motion for a new trial was filed and demanded under § 618, of our Code. This motion was also overruled.

There are a number of errors assigned, but upon the record before us we cannot consider any but those which go to the ruling of the court upon the motion to set aside the report of the referee and the motion for a new trial made under § 618 *supra*.

I. The default was entered long after the answer was due, and the motion to set it aside was unaccompanied with any showing whatever or even a statement that there was a defense to the action. Under such conditions

the court could do no less than overrule the motion. The referee was appointed without objection to determine the question of damages. The defendant appeared by counsel before the referee, made no objection whatever to proceeding with the hearing and no objection was filed before the referee to his findings or conclusions of law. Nearly one month after the report was filed in the district court, the defendant presented a motion to set aside the report of the referee upon the grounds as above stated. Under this condition of affairs, we find but little to consider, as most of the errors assigned were not properly preserved in the record and cannot be inquired into here; but taking up such as are before us, we will first examine the questions raised on the motion for a new trial. It is claimed in said motion that Province entered upon the land in good faith, under a contract with one Crawford, whom Province believed was in the lawful possession of the premises, and under such contract made valuable improvements of a permanent and lasting character thereon. In the same paragraph Province states the character of Crawford's right in the land and shows that Crawford had no claim of any kind in the same. This showing is insufficient upon which to base the right of an occupying claimant. In order to successfully assert such a right, under our statute, the person so claiming must show "a plain and connected title in law or equity, derived from the records of some public office, or being in quiet possession of and holding the same by deed, devise, descent, contract, bond or agreement from and under any person claiming title as aforesaid, derived from the records of some public office." * * * No showing of this kind is attempted and as against Lovi defendant Province was a mere trespasser, without right of any kind in the possession of the

premises. Under such circumstances, the court did not err in refusing to call a jury to assess the damages (See *Woodruff v. Wallace*, 3 Okla. 355, and cases therein cited.)

II. It is also asserted in the motion that the referee had no jurisdiction to hear the cause, for the reason that he did not take the required oath. The oath required by our Code of Civil Procedure is as follows: "Section 309. The referee must be sworn or affirmed well and faithfully to hear and examine the cause and to make a just and true report therein according to the best of his understanding." The oath taken by the referee in the case under consideration is, we think, in substance and effect, that required by our Code. We are of the opinion that the section which requires the oath to be taken does not intend to prescribe the exact wording of the oath. The language of the statute seems to convey the idea that the referee shall be sworn to hear and examine the case and to honestly report the same as his understanding and conscience shall determine. There is nothing in the language used in the statute which requires that the words therein contained shall be used in the oath taken, but any language conveying the substance of the meaning may be used in lieu thereof by a person appointed as referee. We think that where this is done the referee is sufficiently qualified. The oath taken by the referee in the case under consideration requires him to faithfully perform his duty according to his best ability. The faithful performance of his duty requires a hearing and examination of the case, and the performance of his duty according to the best of his ability is equivalent to a doing of the same according to his best understanding.

III. The court below committed no error in approving the report of the referee upon the question of the

amount of damages.    The evidence upon which the referee based his finding was not before the court and if it was insufficient upon which to base such a finding, it was the duty of the party urging the objection to bring the evidence into his motion in order that the court might inspect the same.    In the absence of the testimony, the court was bound to believe that there was sufficient evidence upon which to base the finding.

IV.    The last objection to be considered is that which goes to the right of the appellant to a new trial under § 618 of our Code, which provides " that the party against whom the judgment runs may at any time during the term at which the judgment is rendered, demand another trial, and thereupon judgment shall be vacated and the cause stand for trial at the next term."    This case was, as heretofore stated, begun November 15, 1893.    Personal service was had upon the defendants.    February 26, 1894, defendants had failed to answer or demur or otherwise plead, and a judgment was rendered against Province by default.    No motion for a new trial was filed during the term at which the judgment was taken. Under our Code that part of the judgment which went to the question of possession must have been conclusive. It would, however, have been equally binding having been taken by default, if the motion for a new trial had been filed during the term at which the judgment was taken.    (*Hall v Saunders*, 25 Kan. 538.)

The only question left after the default, was one of damages.    Our Code, in § 83, provides that an action of damages for withholding property may be joined with one for possession; but this does not mean, as we take it, that § 618 is applicable where the only question for trial is one of damages.    No issue was joined on the right of possession, and upon that question alone § 618

is applicacle.   In the absence of any issue as to posses-
sion, the court did not err in overruling the motion for a
new trial based on § 618, *supra.*

The judgment of the lower court is affirmed.

Scott, J., having presided at the trial of the cause
below, not sitting; all the other Justices concurring.