Moor *v.* Seaton.

———————o———————

31    11
f167    28

## MOOR *v.* SEATON.

NEW TRIAL.—*As of Right.*—The form of the issues in an action to quiet title to real property cannot abridge the right of the losing party to have a new trial on the payment of costs as provided by section 601 of the code.

SAME.—In a suit to quiet title to real property, there was a finding for the defendant upon a cross complaint. *Held,* that the plaintiff was entitled to a new trial on the payment of costs.

REPEAL OF LAWS.—*Inchoate Rights.*—Inchoate rights generally, derived from a statute, are lost by its repeal, unless saved by express words in the repealing statute.

SAME.—*Redemption.*—*School Lands.*—A purchaser of school lands having made default in the payment of interest on purchase money, the lands were re-

sold. By the law in force at the time of his purchase, a defaulting pur-
chaser had a right to redeem within one year after sale; by that in force at
the time of the sale, and at the time of the default, a delinquent purchaser
could redeem at any time before sale, but not after.

*Held,* that the right to redeem was governed by the latter law.

APPEAL from the Pulaski Circuit Court.

GREGORY, J.—Suit by Seaton against Moor, to quiet title to real property.

The defendant answered, first, by the general denial; second, by way of cross complaint, that he was the owner in fee of the land, and that the plaintiff claimed some interest therein adverse to his; but that the claim was groundless; prayer, to quiet the defendant's title. Reply, the general denial.

A trial resulted in a finding for the defendant. The plaintiff obtained a new trial by the payment of the costs.

This is the first alleged error complained of. It is claimed, that as the finding was on the cross complaint, the plaintiff was not entitled to a new trial as a matter of right.

The statute secures to the losing party a new trial on the payment of costs. 2 G. & H. pp. 283, 284, secs. 601, 612. The form of the issues cannot abridge this right.

The land in controversy is school land, being a part of section sixteen. The appellant purchased the land in November, 1854. He paid a portion of the purchase money, and was to pay interest on the residue. The interest was paid until 1860, when default was made and continued to be made until the land was sold in March, 1864, to the appellee.

By the law in force at the time of the purchase the defaulting purchaser had a right to redeem at any time within one year after the sale. 1 R. S. 1852, pp. 451, 452, secs. 100, 105. By the law in force at the time of the sale, and at the time of the default, the delinquent purchaser could redeem at any time before sale, but not after. Moor offered to redeem after the sale and within the year.

The question is, which law must govern? In *Patterson* v. *Cox*, 25 Ind. 261, it was held, that the right of a mortgagor, or his assigns, to redeem land sold at a sinking fund sale is governed by the law in force at the time of the sale.

This principle follows the plain and obvious one, that inchoate rights generally, derived under a statute, are lost by its repeal, unless saved by express words in the repealing statute. *Butler* v. *Palmer*, 1 Hill, 324.

Moor was in default; he had no standing in court except such as was given him by the statute. The case at bar cannot be distinguished from that of *Patterson* v. *Cox, supra.*

There are objections made to the form of the proceedings connected with, and forming a part of, the sale. Upon examination it is found that these proceedings were according to the statute in force at the time of the sale.

The judgment is affirmed, with costs.

*D. P. Baldwin,* for appellant.

*J. B. Belford,* for appellee.