Filed March 12, 1886.

———————

No. 9532.

## EDWARDS, TRUSTEE, *v.* JOHNSON.

SHERIFF'S SALE.—*Mortgage.—Foreclosure.—Redemption.—Change in Law Relating to.—Liability for Rent.*—In 1875, H. mortgaged land to E. In 1878, J. recovered a judgment against H., on which the same land was sold, J. becoming the purchaser, and obtaining a sheriff's deed on March 25th, 1879, under which he went into possession. In July, 1879, E. obtained a decree foreclosing his mortgage, the land was sold thereunder, he becoming the purchaser, and receiving a sheriff's deed on September 27th, 1880, up to which time J. remained in possession. Action by E. against J. to recover for rent during the year for redemption.

*Held,* that the redemption law of March 31st, 1879, which was in force when the sale to E. was made, and which repealed by implication the act of 1861, governs, and that J. is liable.

SAME.—*Possession Subject to Modifications in Redemption Law.*—Persons who purchase or go into possession of lands, upon which there are subsisting encumbrances, do so subject to any modification in the redemption law which it is competent for the Legislature to make, respecting the contracting parties.

SAME.—*Vested Rights.—Constitutional Law.—Obligation of Contracts.*—There are no vested rights in the law generally, nor in legal remedies, and it is competent for the Legislature to make changes in these so long as they do not affect the obligation of contracts.

From the Grant Circuit Court.

*A. Steele, R. T. St. John, W. H. Coombs, R. C. Bell* and *S. L. Morris,* for appellant.

*G. W. Harvey,* for appellee.

MITCHELL, J.—In the year 1875, Harris and wife mortgaged a tract of land in Grant county, of which the former was owner, to Edwards. In February, 1878, Johnson recovered a judgment against Harris, sold the land on March 23d, 1878, to satisfy an execution issued on the judgment, he becoming the purchaser, and, no redemption having taken place, received a sheriff's deed on March 25th, 1879, and went into possession.

On July 17th, 1879, Edwards obtained a decree foreclosing his mortgage, and on this decree sold the land in September, 1879, he becoming the purchaser. On the 27th day of September, 1880, no redemption having taken place, Edwards received a deed and went into possession.

Johnson having remained in possession pending the year for redemption from the sale on the Edwards decree, the question is whether he is liable in an action for rent to Edwards.

The contention of the appellee is, that because his title under the purchase made by him, became absolute and vested on the 25th day of March, 1879, six days before the redemption law which took effect March 31st, 1879, came in force, the redemption law of 1861, 2 R. S. 1876, p. 220, is to be looked to in determining the question of his liability. Against this view the appellant insists that the act of March 31st, 1879, which was in force at the time the sale was made under his decree, and which remained in force pending the year for redemption, controls.

The difference between the redemption law of 1861 and that of 1879, as respects the question here involved, is, that under the law of 1861, the judgment debtor became primarily liable for the rent pending the year for redemption, regardless of whether he occupied the land himself, or whether another occupied in his right. While, under the act of 1879, the owner remaining in possession, or whoever occupied the land during such period, was to be regarded as the tenant of the purchaser, and liable to him for the reasonable rent.

Johnson having purchased the land upon an execution

sale against Harris, and having acquired all of Harris' title under such sale, was in possession as owner when Edwards commenced proceedings to foreclose his mortgage. From the time that Johnson took possession under the deed, he occupied the same relation to the land in respect to his right to redeem from the Edwards mortgage that Harris previously stood in. His right to the land having as to Harris become absolute, the redemption law, so far as it related to the contract between Harris and Johnson had spent its force. The only question then is, was it competent for the Legislature to modify or change the redemption law so as to affect the rights and liabilities of persons owning or in possession of land covered by existing mortgages?

Persons who purchase or go into possession of lands upon which there are subsisting encumbrances, do so subject to the contingency that any modification which it is competent for the Legislature to make in the redemption law, as it respects the contracting parties, may also be made in respect to them. The inquiry, therefore, comes to this: Was it competent as between the mortgagor and mortgagee to make the modification of the redemption law of 1861, which resulted from the act of 1879?

This question, as it seems to us, is foreclosed by the exhaustive opinion in the case of *Bryson* v. *McCreary*, 102 Ind. 1. While it is true as it was there held, that the redemption law, as it stood at the time the Edwards mortgage was made, became a silent factor in the contract, it is also well settled, as was said in that case, "that there are no vested rights in the law generally, nor in legal remedies, and hence changes in these by the Legislature do not fall within the constitutional inhibition, unless they are of such a character as to materially affect the obligation of contracts."

After the fullest consideration concerning the scope and effect of the law of 1861, as compared with that of 1879, it was determined in that case that the redemption law of 1879 did not violate the obligation of existing contracts, that it

did nothing more than provide a more efficient remedy for the enforcement of contracts, and that it was, therefore, not obnoxious to the constitutional objection, which was in that case, as in this, urged against it.

The act of 1879 was the only redemption law which was in force at the time of the sale on the Edwards decree, the act of 1861 having been repealed by implication. The right of redemption was governed by the law in force at the time the sale was made. This principle ruled the case of *Moor* v. *Seaton*, 31 Ind. 11. The facts in that case were, that Moor purchased school lands in 1854, paid part of the purchase-price, and made default as to the residue. By the law in force at the time of the purchase, the defaulting purchaser had a right to redeem at any time within one year after sale. Subsequently, the law was so changed that no right of redemption existed after the sale. The purchaser made default, and the land was sold. He offered to redeem within the year according to the law in force at the time of the purchase. It was held that the law in force at the time of the sale governed. *Patterson* v. *Cox*, 25 Ind. 261; *Butler* v. *Palmer*, 1 Hill, 324; *Taylor* v. *Stockwell*, 66 Ind. 505.

The conclusion follows that the redemption law of 1879 must be looked to in determining the rights and liabilities of the parties, and under that law the appellee was liable for the reasonable rents during the time he occupied the land pending the year for redemption from the sale under the Edwards decree.

The judgment is reversed with costs, with directions to the court below to sustain the demurrer to the appellee's special answer, and for further proceedings not inconsistent with this opinion.

Filed March 13, 1886.