**METRO HOLDING COMPANY,**
Appellant–Plaintiff (Counter–Defendant Below),

v.

**James MITCHELL,**
Appellee–Defendant (Counter–Plaintiff Below).

No. 49A02–9004–CV–207.

Court of Appeals of Indiana, Second District.

May 22, 1991.

Rehearing Denied Aug. 7, 1991.

Gregory P. Schmith, Indianapolis, for appellant-plaintiff/counter-defendant.

Kenneth J. Falk, Kimberly A. Posey, Legal Services Organization of Indiana, Inc., Indianapolis, for James Mitchell.

Linley E. Pearson, Atty. Gen., Lynn A. Francis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, amicus curiae.

SHIELDS, Presiding Judge.

Metro Holding Company appeals the trial court's grant of summary judgment in favor of James Mitchell which voids Metro's tax-sale deed.

We reverse.

## ISSUES

1. Whether the legislature may shorten the period in which a property owner may redeem property sold at a tax-sale without violating the contract clauses of both the United States and Indiana constitutions.

2. Whether the reduction of the redemption period is a taking without just compensation in violation of the fifth and fourteenth amendments of the United States Constitution.

3. Whether the notice of redemption rights the Marion County Auditor gave Mitchell voids Metro's deed.

## FACTS

On October 8, 1987 Metro purchased lot 13 in Woerners Riverside Park Addition at a tax-sale conducted by the Marion County Treasurer. At the time of the tax-sale IC 6–1.1–25–4 (1982) provided a two-year period in which the property owner and others with interests in the property could redeem the land. Public Law 89–1987, Sec. 5, amended IC 6–1.1–25–4 and reduced the redemption period from two years to one year effective January 1, 1988.

On January 27, 1989 the Marion County Auditor issued a notice of tax sale redemption or issuance of deed with respect to the subject property. The notice stated the property had to be redeemed by March 28, 1989 or Metro would be entitled to receive a deed to the property. Mitchell, the property owner, received the notice but did not redeem the property by the March 28 dead-

line. On March 29, 1989 the Auditor issued a tax deed conveying Lot 13 to Metro.

Metro filed a complaint to quiet title to Lot 13 on June 23, 1989. Mitchell answered the complaint and filed a counterclaim alleging that the tax deed was void and IC 6–1.1–25–4 was unconstitutional. Both parties filed motions for summary judgment. The trial court granted summary judgment in favor of Mitchell finding IC 6–1.1–25–4 granted Mitchell a contract right to redeem the property for two years and application of the reduced one-year redemption period was an unconstitutional impairment of Mitchell's contract rights.

Metro appeals.

## DISCUSSION

This is an appeal from a grant of summary judgment. When reviewing summary judgment we apply the same standard as employed by the trial court. *Travel Craft, Inc. v. Wilhelm Mende GmbH & Co.* (1990), Ind., 552 N.E.2d 443. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, show no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Travel Craft.*

Indiana law provides for the sale of real property on which payments of property taxes have been delinquent for at least fifteen months. IC 6–1.1–24–1 (1990 Supp.). The county treasurer holds a public auction where the property is sold to the highest bidder. IC 6–1.1–24–5 (1990 Supp.). The purchaser receives a tax-sale certificate which serves as a lien against the property for the entire amount paid. IC 6–1.1–24–9 (1988). The tax-sale lien is superior to all other liens against the property existing at the time the certificate was issued. . IC 6–1.1–24–9 (1988).

Following the tax sale any owner, occupant, lienholder or other person with a substantial interest in the land may redeem the property. IC 6–1.1–25–1 (1988). The property is redeemed by paying an amount sufficient to cover the tax-sale purchase price, the amount of taxes and special assessments paid by the purchaser following the sale, and an additional percentage specified by statute. IC 6–1.1–25–2 (1990 Supp.).

If the property is not redeemed during the redemption period, the tax-sale purchaser may apply to the county auditor for a deed to the property. IC 6–1.1–25–4 (1988). The auditor is required to notify the property owner, no more than sixty, nor less than thirty days before the redemption period expires, that he is entitled to redeem the property. IC 6–1.1–25–6 (1988) (repealed by P.L. 83–1989, Sec. 18). If the property is not redeemed within this period, the auditor is required to execute and deliver a deed to the tax-sale purchaser. This deed creates an estate in fee simple absolute, free and clear of all liens and encumbrances. IC 6–1.1–25–4.

Once a deed is obtained, the tax-sale purchaser may file an action to quiet title to the property. IC 6–1.1–25–14 (1988). The previous owner, lien holders, and others who claim interests in the property may defeat the title conveyed by the tax deed only by proving a statutory defense specified in IC 6–1.1–25–16 (1988).

## I.

■ Metro claims the trial court erred in ruling the 1987 amendment to IC 6–1.1–25–4 unconstitutionally impaired Mitchell's contract rights. Both the United States and Indiana constitutions prohibit the impairment of obligations of contracts. U.S. Const. art. 1, § 10; Ind. Const. art. I, § 24. At the time of the tax-sale, October 7, 1987, IC 6–1.1–25–4 provided a two-year period of redemption. The 1987 amendment, effective January 1, 1988, reads, in pertinent part:

(a) If a certificate of sale is issued to a purchaser under IC 6–1.1–24–9 and the real property is not redeemed within:

(1) one (1) year after the date the certificate is issued;

* * * * * *

the county auditor shall, upon receipt of the certificate and subject to the limitations contained in this chapter, execute

and deliver a deed for the property to the purchaser.

IC 6–1.1–25–4 (1988).

The statute requires the auditor to execute and deliver a deed upon receipt of the tax-sale certificate if the property has not been redeemed within one year after the certificate was issued. The statute does not distinguish between particular certificates based upon the date they were issued; it applies to all tax-sale certificates.

Whether the legislature may reduce the statutory period to redeem property sold at a tax sale has not been addressed in Indiana. Several other states have addressed the issue and two points of view have emerged.

The minority view holds a contractual relationship exists between the state and the delinquent taxpayer. The period for redemption constitutes a valuable right which vests in the taxpayer at the time of the tax sale and cannot be divested by subsequent legislation. Annotation, *Retroactive application, to previous sales, of statutes reducing period of redemption from tax sales, as unconstitutional impairment of contract obligations*, 147 A.L.R. 1123 (1943).

The majority view holds the legislature may constitutionally shorten the redemption period after the tax sale has been held because the right of redemption does not create a contractual relationship between the state and the taxpayer. Rather, the right of redemption, including the time for exercising it, is a remedy accorded by the state as a matter of grace and not of right. *Mercury Herald v. Moore* (1943), 22 Cal.2d 269, 138 P.2d 673; *Baker v. State Land Office Board* (1940), 294 Mich. 587, 293 N.W. 763; *State v. Gray* (1949), 132 W.Va. 472, 52 S.E.2d 759.

An analogous question was presented to our supreme court in *Sansberry v. Hughes* (1910), 174 Ind. 638, 92 N.E. 783. Sansberry acquired a tax sale certificate to land sold by a county treasurer for delinquent taxes. After he acquired the certificate, the legislature enacted a statute which required the purchaser to present the certificate within four years of the date of sale or forfeit the lien. Sansberry argued the statute did not apply to him because at the time of the sale there was no such statute, his rights were those under the law at the time of the sale, and the application of the act to him constituted an impermissible impairment of constitutionally protected contractual rights. The supreme court affirmed the judgment against Sansberry analogizing the act to a statute of limitations. The court said:

[Sansberry] does not make the proper distinction between rights and remedies. In respect to substantive rights, conferred by law, or acquired by contract, there is no doubt of constitutional protection without modification or change. It is otherwise with a mere remedy. A remedy is nothing more than the means provided by law for the enforcement of rights, and is not of itself a right except that when there exists but a single remedy for the enforcement of a vested right, such remedy cannot be wholly taken away, without providing some other reasonably convenient and efficient means of enforcement, without violating the Constitution, since a withdrawal of all legal means for the enforcement of a right is equivalent to a subversion of the right itself. But as pertaining to a mere remedy, there exists no doubt of legislative power to make such changes therein as to it seems fit, if in so doing it preserves or provides a reasonable means and opportunity for full enjoyment of the right.

A statute of limitations is peculiarly within the operation of the rule, since it cannot, in any ordinary sense be said to impair the obligation of a contract. Hence, it is firmly settled that the statute in force at the time suit is brought must govern, even though it shortens or lengthens the limitation for enforcement of the contract.... That which courts look to in the application of the limitation statute, in force at the time suit is brought, is not whether the statute will be prospective or retrospective in operation, but, whether the complaining party had a reasonable time, after the taking

effect of the present statute, in which to enforce his right.

*Sansberry v. Hughes* (1910), 174 Ind. 638, 640-41, 92 N.E. 783, 784 (citations omitted).[1]

■ We believe the majority view is sound and has support in existing Indiana law. Hence, we hold the contract clauses of the United States and Indiana Constitutions are not violated by the 1987 amendment because the right of redemption does not create a contractual right. Further, as an amendment of a remedy, the ten month period between the effective date of the 1987 amendment and the expiration of a year from the date the subject certificate was issued is reasonable as a matter of law. Therefore, the 1987 amendment which changed the redemption period from two years to one year applies to the tax sale in question.

## II.

■ Mitchell argues reducing the redemption period from two years to one year works as a taking without just compensation in violation of the fifth and fourteenth amendments of the United States Constitution. As we hold Mitchell does not have a vested right in a two year redemption period, there was no unconstitutional taking when the redemption period was shortened to one year.

## III.

■ Finally, Mitchell argues if the one year redemption period applies, the tax deed is void because the time limits of IC 6-1.1-25-6 (1988) were not satisfied. We disagree.

Ind.Code 6-1.1-25-6 required the auditor to notify the property owner of his redemption rights

> not more than sixty (60) days nor less than thirty (30) days before the expira-

tion of the period of redemption of that tract under [IC 6-1.1-25-4(a)].

IC 6-1.1-25-6 (1988) (repealed by P.L. 83-1989, Sec. 18).

The tax-sale certificate was issued October 8, 1987. Under the amended statute, the redemption period expired October 8, 1988. Because notice was not sent until January 27, 1989 it did not comply with the statute. However, Mitchell does not have standing to challenge the timeliness of the redemption notice. His ownership interest was not recorded.[2] A property owner has the burden of updating the county auditor's records regarding the owner's interest. IC 32-1-2-11 (1988). Because Mitchell was not a record owner of the subject real estate he was not entitled to notice of the expiration of the redemption period pursuant to IC 6-1.1-25-6. *See Gossett v. Auburn Nat. Bank of Auburn* (1987), Ind. App., 514 N.E.2d 309; *Holland v. King* (1987), Ind.App., 500 N.E.2d 1229.[3]

## DECISION

The judgment of the trial court is reversed and this cause remanded with instructions to enter judgment for Metro in its quiet title action and against Mitchell on his action.

BUCHANAN and GARRARD, JJ., concur.

---

1. We quote from the opinion as it appears in the Indiana Reports.

2. Mitchell obtained an ownership interest by a judgment reforming a deed on August 22, 1985. However, the judgment was never recorded.

3. We note Mitchell fails to show he was prejudiced by receiving the notice after the time required by the statute. It appears any error in the timeliness of the notice benefitted Mitchell because he was given over five additional months to redeem the property.