Robert W. ROSSMAN and Marc L. Griffin, Appellants–Plaintiffs/Counter–Defendants Below,

v.

James E. DUNSON, Appellee–Defendant/Counter–Plaintiff Below,

Curtis Coonrod, as Auditor of Marion County, Indiana, Third–Party Defendant Below,

No. 29A02–9010–CV–639.[1]

Court of Appeals of Indiana, Third District.

Oct. 29, 1991.

Gregory P. Schmith, Indianapolis, for appellants-plaintiffs/counter-defendants.

R.C. Richmond, III, Sommer & Barnard, PC, Indianapolis, for appellee-defendant/counter-plaintiff.

Linley E. Pearson, Atty. Gen., Jane E. Griffin, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, amicus curiae.

STATON, Judge.

Robert W. Rossman and Marc L. Griffin appeal from a judgment quieting title to real estate in favor of James E. Dunson. The parties raise three issues for our review, which we have restated as follows:

I.  Whether the 1988 amendment to Indiana Code 6–1.1–25–4 changing the redemption period for property

---

1. This case was diverted to this office by order    of the Chief Judge.

sold at a tax sale from two years to one year applies to property sold at an October 1987 tax sale.

II. Whether the application of the 1988 amendment to Indiana Code 6-1.1-25-4 to property sold at an October 1987 tax sale unconstitutionally infringes upon the owner's contract rights.

III. Whether proper notice of the redemption period was given to the owner.

We reverse.

This case turns upon the effect of the 1988 amendment to Indiana Code 6-1.1-25-4 on a tax sale of property. On October 8, 1987, Rossman and Griffin ("Purchasers") purchased the real estate in question at a tax sale, and were issued a certificate of sale. The record owner before the sale was James E. Dunson. In January of 1988, an amendment to Indiana Code 6-1.1-25-4 went into effect, reducing the redemption period for properties sold at tax sale from two years to one year. The statute provides in part:

(a) If a certificate of sale is issued to a purchaser under IC 6-1.1-24-9 and the real property is not redeemed within:

(1) one (1) year after the date the certificate is issued;

(2) ninety (90) days from the date of the certificate of sale from a purchasing agency qualified under IC 36-7-17; or

(3) sixty (60) days from the date the certificate is issued for real property on the list prepared under IC 6-1.1-24-1.5;

the county auditor shall, upon receipt of the certificate and subject to the limitations contained in this chapter, execute and deliver a deed for the property to the purchaser. If a certificate of sale is issued to a county under IC 6-1.1-24-9 and the real property is not redeemed within one (1) year after the date the certificate is issued, the county auditor shall, upon receipt of the certificate and subject to the limitations contained in this chapter, issue a deed for the proper-

ty to the county. The county auditor shall execute deeds issued under this section in the name of the state under his name and seal. If a certificate of sale is lost before the execution of a deed, the county auditor may execute and deliver a deed if he is satisfied that the certificate did exist.

Purchasers were issued a tax deed to the disputed property on March 29, 1989. On May 17, 1989 they brought this quiet title action, naming Dunson as the defendant. Dunson counterclaimed and attempted to tender the redemption amount to the Marion County Auditor. The Marion County Auditor, Curtis Coonrod, was later made a third-party defendant.

The trial court granted Dunson's motion for summary judgment, finding that the earlier version of Indiana Code 6-1.1-25-4, providing for a two-year redemption period, applied. The court also stated that to apply the amended version of the statute would result in an impairment of contract rights, violative of the state and federal constitutions. Purchasers appeal, contending that the amended version of the statute applies.

On an appeal from a summary judgment, we must determine whether the record reveals a genuine issue of material fact and whether the trial court correctly applied the law. *Boone County Area Plan Com'n v. Kennedy* (1990), Ind.App., 560 N.E.2d 692, 694, *trans. denied.* Any doubt as to a fact, or an inference to be drawn, is resolved in favor of the nonmoving party. *Bischoff Realty, Inc. v. Ledford* (1990), Ind.App., 562 N.E.2d 1321, 1323. Summary judgment will be affirmed if it is sustainable upon any theory supported by the record. *Kolczynski v. Maxton Motors Inc.* (1989), Ind.App., 538 N.E.2d 275, 276, *transfer denied.*

Issues I and II

*Application of the Amended Statute*

■ Purchasers contend that the amended version of the statute applies, providing for a one-year redemption period. Further, they contend that the application of the amended statute would not create an

unjustifiable impairment of contract. These precise issues were addressed earlier this year by our Second District in *Metro Holding Co. v. Mitchell* (1991), Ind.App., 571 N.E.2d 580, *reh'g denied*.[2] Faced with identical facts, the court examined the law in Indiana and other jurisdictions and held that the amended statute providing for a reduced redemption period applied and that the application of the statute to property purchased at the October 1987 tax sale did not create an unjustifiable impairment of contract.

We conclude that the 1987 amendment to Indiana Code 6–1.1–25–4, providing for a one-year redemption period, applies to this case as well.

### III

### *Compliance With Statute*

■ Dunson argues that even if the amended statute applies, it was not complied with in this case, and therefore he was entitled to summary judgment in the quiet title action. He first argues that he did not receive notice of the expiration of the redemption period. The record reveals that notice was sent to his last known address listed in the transfer book by certified mail in the form required by statute, and the mail was returned as unclaimed. This evidence was sufficient to establish compliance with Indiana Code 6–1.1–25–6, the notice statute. *Clark v. Jones* (1988), Ind.App., 519 N.E.2d 158, 160, *reh'g denied*.

Dunson next argues that he was not afforded notice within the proper time frame of the statute. At the time notice was sent, the notice statute provided in part:[3]

> (a) The county auditor shall send a notice by certified mail to the former owner of the tract not more than sixty (60) days nor less than thirty (30) days before the expiration of the period for redemption of that tract under section 4(a) of this chapter.

IC 6–1.1–25–6(a) (1988). Notice was sent on January 27, 1989. The notice stated that the redemption period expired on March 28, 1989, 60 days later. The notice was timely given.

■ Dunson finally argues that the statute prescribing the redemption period was violated because the property was sold at tax sale on October 8, 1987 and the period expired March 28, 1989. Thus, the redemption period was extended well over the year prescribed by statute. Dunson fails to demonstrate how he was harmed by the extension of the redemption period. The record reveals a considerable amount of indecision in the auditor's office as to whether the two-year or one-year period applied, an issue which took some time to resolve. As a result, the redemption period was extended for a number of months. Rather than harming individuals such as Dunson, the extension of time conferred a benefit upon them, as they received more time in which to muster the funds to redeem their property. *See Metro Holding, supra,* at 584, n. 3. Nonetheless, Dunson failed to tender the redemption amount within the prescribed time period. The trial court erred in granting Dunson's motion for summary judgment and quieting title in Dunson.

Reversed.

GARRARD and SHIELDS, JJ., concur.

---

**2.** *Metro Holding* was handed down on May 22, 1991, after this case was fully briefed.

**3.** The statute has since been repealed. P.L. 83–1989, Sec. 18.