METRO HOLDING COMPANY,
Appellant (Plaintiff/Counter–
Defendant Below),

v.

James MITCHELL, Appellee
(Defendant/Counter–
Plaintiff Below).

NCNB NATIONAL BANK OF NORTH
CAROLINA and the State of Indiana,
Appellants (Defendants Below),

v.

METRO HOLDING COMPANY, Gregory
P. Schmith, and Curtis Coonrod, in his
capacity as Auditor of Marion County,
Indiana, Appellees (Plaintiffs Below).

No. 49S02–9203–CV–182.

Supreme Court of Indiana.

March 19, 1992.

Gregory P. Schmith, Indianapolis, for Metro Holding Co., Gregory P. Schmith and Curtis Coonrod, Auditor.

Linley E. Pearson, Atty. Gen., Lynn A. Francis, Deputy Atty. Gen., Indianapolis, for State of Ind.

John P. Tobin, Jr., Indianapolis, for NCNB Nat. Bank of North Carolina.

Kenneth J. Falk, Kimberly A. Posey, Legal Services Organization of Ind., Inc., Indianapolis, for James Mitchell.

ON CIVIL PETITIONS TO TRANSFER

KRAHULIK, Justice.

This is a consolidation of two cases arising from similar facts and involving a common party, Metro Holding Company. In the first, *Metro Holding Company v. James Mitchell,* James Mitchell, former property owner, requests that this Court grant transfer from a Court of Appeals decision ordering summary judgment in favor of Metro Holding, the tax sale purchaser. *Metro Holding Company v. James Mitchell* (1991), Ind.App., 571 N.E.2d 580. In the second case, it is Metro Holding which petitions this Court to accept transfer from the Court of Appeals reversal of the trial court's grant of summary judgment in favor of Metro Holding. *NCNB National Bank of North Carolina and State of Indiana v. Metro Holding Company et al.,* No. 49A04–9008–CV–380 (June 17, 1991).

Both cases turn on resolution of the question of whether the legislature's reduction of the period of redemption in property tax sale cases unconstitutionally impairs the property owner's contract rights and whether the application of the new, shorter period to the property owners in this case was an improper, retroactive application of the law. Because of the conflict in the

Court of Appeals' decisions, we grant transfer in these cases to resolve these questions.

## I. *Facts*

Both cases were set in motion in October of 1987 at two different tax sales conducted by the Auditor of Marion County. Metro Holding purchased property at both sales. At the time of the sales, *Ind. Code* § 6–1.1–25–4 provided that a property owner whose property had been subjected to a tax sale could redeem that property at any time during a period of two years beginning on the date that the tax certificate was issued. For Mitchell and NCNB this meant that they had until October 7, 1989, and October 13, 1989, respectively, to redeem their property. On January 1, 1988, two months after the tax certificates were issued, amendments to § 6–1.1–25–4 became effective. The crucial amendment for our purposes reduced the period of redemption from two years to one year.

On January 27, 1989, the auditor issued a notice of tax sale redemption or issuance of deed to Mitchell. The notice informed Mitchell that if he did not redeem by March 28, 1989, Metro would receive a deed to the property. Mitchell received the notice but did not redeem the property at that time. The property was conveyed to Metro by deed on March 29, 1989. In June of 1989, Mitchell attempted to tender the full amount of money owed on the property to the county auditor, but his tender was refused, citing the March conveyance to Metro.

Metro filed a complaint to quiet title on Mitchell's lot in June of 1989. Mitchell answered and counterclaimed, charging that the tax deed was void and *Ind. Code* § 6–1.1–24–4 was unconstitutional. Both parties moved for summary judgment. The trial court granted summary judgment in favor of Mitchell, finding that the statute created in Mitchell a contract right to redeem the property for two years and that application of the reduced one-year period was an unconstitutional impairment of Mitchell's contract right. The Second District Court of Appeals reversed, holding that the right of redemption is not a contract between the State and taxpayer, but merely a remedy accorded to the taxpayer by the State. Consequently, the period period could be shortened by the legislature.

In the second case, NCNB held a mortgage on property owned by Clara Alexander. Metro purchased this property at an October 13, 1987, tax sale. It received a tax deed to the property on March 29, 1989. In May of 1989, Metro brought a quiet title action. Alexander and NCNB answered, asserting the tax deed's invalidity due to its issuance prior to the expiration of the two-year period of redemption. The trial court granted summary judgment in Metro's favor, finding that the one-year period was the controlling time requirement. In its appellate petition, NCNB and the State of Indiana urged that the trial court erred in finding that the tax sale certificates could be tendered after only one year. They argued that application of the one-year period retroactively applies the amendment contrary to constitutional protections of vested property rights. They also urged that it violated provisions prohibiting impairment of contract. The Fourth District Court of Appeals reversed, agreeing that use of the one-year period was an impermissible retroactive application of the provision.

We hold that, although the amendment's reduction of the period of redemption from two years to one does not unconstitutionally infringe upon the right of contract, the application of the one-year period in the instant cases represents an improper retroactive application of law.

## II. *Constitutionality of the Amendment*

■ This Court has never addressed directly the issue of whether a reduction in the statutory period of redemption is constitutional. A survey of other states that have discussed this issue reveals two views. A minority of the states considers the relationship between state and the delinquent taxpayer to be of a contractual nature. This position appears in decisions rendered in the last century. According to this view, the creation of a period of re-

demption by the state gives rise to a right in the taxpayer—the right to have a prescribed period to redeem his property. This right vests in the taxpayer at the time of the tax sale. It cannot be divested by statute after the time of the sale. *Adams v. Beale* (1865), 19 Iowa 61.

The majority position is that the period of redemption does not represent a right in the delinquent taxpayer, but rather a remedy available to the delinquent taxpayer. The redemption period represents a period of grace afforded the taxpayer by the state. Consequently, the state can increase or decrease the length of the period as it wishes, provided such change is not wholly unreasonable. *Baker v. State Land Office Board* (1940), 294 Mich. 587, 293 N.W. 763; *State v. Gray* (1949), 132 W.Va. 472, 52 S.E.2d 759.

We agree with this latter, majority position. As noted in the Court of Appeals decision in *Metro v. Mitchell*, the situation is somewhat analogous to a change in a statute of limitations period. Altering the length of time in which one is required to seek redress does not eliminate the possibility of redress. It does not take away the right to seek an action. It merely alters the period of time in which this right can be pursued. In tax sale redemption cases, the amendment did not deprive delinquent taxpayers of the right to redeem their property. The amendment merely requires that such redemption occur within one year as opposed to two.

### III. *Retrospective Application of the Statute*

■ Although the legislature's amendment reducing the period for redemption was permissible, the new, shorter period should not have been applied to the delinquent taxpayers in these two cases. In *Gosnell v. Indiana Soft Water Services,* this Court held that:

Unless there are strong and compelling reasons, statutes will normally be given prospective application. While statutes addressing merely procedural and reme-

dial matters *may* be applied retroactively, such application is not required.

\*   \*   \*   \*   \*   \*

Even under [the] argument that the statute is merely procedural or remedial, retroactive application is the exception, and such laws are normally to be applied prospectively absent strong compelling reasons.

(1987), Ind., 503 N.E.2d 879, 880. (Emphasis supplied)

This is not an instance in which the legislature expressly or implicitly indicated that the amendment should be applied retroactively. It is also not a case in which there is a pressing societal need—such as protection of the health, safety or welfare of the citizenry—to apply the statute in any manner other than prospectively. This Court has held, in other circumstances, that the law in force at the time of the sale is the law that governs the process of redemption. *See Edwards v. Johnson* (1886), 105 Ind. 594, 597, 5 N.E. 716; *Davis v. Rupe* (1887), 114 Ind. 588, 598, 17 N.E. 163; and *Moor v. Seaton* (1869), 31 Ind. 11, 12. This resolution is most logical.

We conclude that although the legislative amendment reducing the period of tax sale redemption from two to one year is permissible, such amendment should not have been applied retroactively to Mitchell and NCNB. These cases are remanded to the trial courts for resolution in accordance with these holdings.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.