**Robert W. ROSSMAN and Marc L. Griffin, Appellants, (Plaintiffs/Counterdefendants Below)**

**v.**

**James E. DUNSON, Appellee, (Defendant/Counterplaintiff Below)**

**Curtis Coonrod, as Auditor of Marion County, Indiana, Third–Party Defendant Below.**

**No. 29S02–9207–CV–526.**

Supreme Court of Indiana.

July 2, 1992.

Gregory P. Schmith, Indianapolis, for appellants Robert W. Rossman and Mark L. Griffin.

R.C. Richmond III, Sommer & Barnard, P.C., Indianapolis, for appellee James E. Dunson.

Linley E. Pearson, Atty. Gen., Jane E. Griffin, Deputy Atty. Gen., Indianapolis, amicus curiae.

KRAHULIK, Justice.

James E. Dunson petitions this Court to accept transfer from the Court of Appeals after such court reversed the trial court's entry of judgment quieting title to real estate in Dunson's favor. *Robert W. Rossman and Mark L. Griffin v. James E. Dunson v. Curtis Coonrod* (1991), Ind. App., 580 N.E.2d 304.

In October of 1987, Rossman and Griffin purchased real estate at a tax sale. James E. Dunson was the record owner before the

sale. At the time of the sale, Dunson was allowed by statute a two-year period in which to redeem the property before a tax deed would be issued to the purchasers. In January of 1988, *Ind. Code* § 6–1.1–25–4 became effective, reducing the redemption period for the property sold at tax sale from two years to one. Rossman and Griffin were issued a tax deed to the property in March of 1989, in conformance with the shortened period of redemption established by the statute's amendment. Dunson argues that the earlier, and not the amended version of *Ind. Code* § 6–1.1–25–4, should have been applied.

This case is factually analogous to *Metro Holding Co. v. James Mitchell*, (1992) Ind., 589 N.E.2d 217, handed down in March of this year. In *Metro Holding* we held that, although the amendment shortening the period of redemption was constitutionally permissible, retroactive application was improper. Rather, the original, two-year period of redemption available at the time of the original tax sale should have been applied. The reasoning and holding in that case apply equally here in that Dunson tendered his redemption within two years of the date of the tax sale. The trial court so held. Consequently, we accept transfer, vacate the decision of the Court of Appeals, affirm the trial court and remand to the trial court for resolution in accordance with this opinion.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.